[No. 64412-8. En Banc.]
Argued May 27, 1997.     Decided August 7, 1997.
THE STATE OF WASHINGTON, *Petitioner*, v. GARY POWELL CHESTER, *Respondent*.

16

*John W. Ladenburg, Prosecuting Attorney*, and *Barbara L. Corey-Boulet, Deputy*, for petitioner.

*Law Offices of Monte E. Hester, Inc., P.S.*, by *Wayne C. Fricke*, for respondent.

GUY, J. — The issue in this appeal is whether the law which criminalizes the sexual exploitation of minors, RCW 9.68A, prohibited the Defendant from secretly videotaping his teenage stepdaughter, without the stepdaughter's knowledge, while the minor was nude and partially nude.

■ Statutes are construed as written. RCW 9.68A.040, as written, does not prohibit the conduct involved in this case.

## FACTS

Defendant Gary Chester was convicted of sexual exploitation of a minor based on his secret filming of his 14-year-old stepdaughter, while the stepdaughter was in her bedroom dressing for school.

On the morning of January 12, 1994, while the stepdaughter was in the shower, the Defendant placed a video camera under the child's bed, aiming it toward a mirror on the closet door. The beginning of the videotape, exhibit

1, shows the Defendant setting up the camera, covering a portion of the camera with clothing or bedding, and then leaving the room. The videotape then shows Defendant's stepdaughter walking into the room, wrapped in a towel. The tape goes on to show the stepdaughter walking in and out of the picture as she dressed. The videotape shows the stepdaughter from the front and back, both unclothed and partially clothed.

Testimony showed that the Defendant initially explained his actions as a "dumb joke" and that he was playing "Candid Camera." According to the State's evidence, he eventually admitted that he expected to see his stepdaughter in some state of undress because she would be coming out of the shower. He reportedly said he did not give much thought to whether she would be naked or wearing some type of underwear or bra. Police testified that he also said he thought he might see her in a pose bending over in her underwear.

A jury found Defendant Chester guilty of sexual exploitation of a minor, with a special finding that he acted with sexual motivation.[1] The Court of Appeals reversed his conviction, holding there was insufficient evidence under the statute to convict. *State v. Chester*, 82 Wn. App. 422, 918 P.2d 514, *review granted*, 130 Wn.2d 1016 (1996). We granted the State's petition for review.

## ISSUE

Does the crime of sexual exploitation of a minor, as defined in RCW 9.68A.040(1)(b) and (c), prohibit the secret filming of a nude child, where the child is unaware that she is being photographed and is in a place where the child has a reasonable expectation of privacy?

## ANALYSIS

The provisions of the sexual exploitation of children statute which are pertinent to this case are the following:

---

[1]This finding was made for purposes of sentencing under RCW 9.94A.030(34) and RCW 9.94A.127.

**RCW 9.68A.040. Sexual exploitation of a minor—Elements of crime—Penalty.**

(1) A person is guilty of sexual exploitation of a minor if the person:

(a) Compels a minor by threat or force to engage in sexually explicit conduct, knowing that such conduct will be photographed or part of a live performance;

(b) Aids, invites, employs, authorizes, or causes a minor to engage in sexually explicit conduct, knowing that such conduct will be photographed or part of a live performance; or

(c) Being a parent, legal guardian, or person having custody or control of a minor, permits the minor to engage in sexually explicit conduct, knowing that the conduct will be photographed or part of a live performance.

(2) Sexual exploitation of a minor is a class B felony punishable under chapter 9A.20 RCW.

**RCW 9.68A.011. Definitions.**

. . . .

(3) "Sexually explicit conduct" means actual or simulated:

. . . .

(e) Exhibition of the genitals or unclothed pubic or rectal areas of any minor, or the unclothed breast of a female minor, for the purpose of sexual stimulation of the viewer . . . .

The information initially charged the Defendant with violating RCW 9.68A.040(1)(b). The State later filed a second amended information charging the Defendant, in the alternative, with violating RCW 9.68A.040(1)(c).[2]

The Court of Appeals held that, under subsection (b) of the statute, the State was required to prove that the De-

---

[2]The general jury verdict form used in this case does not indicate which of the two alternatives was determined by the jury to have been proved by the State. Under *State v. Ortega-Martinez*, 124 Wn.2d 702, 707-08, 881 P.2d 231 (1994), the evidence must therefore be sufficient to support each alternative means of committing the crime. The Defendant has not raised any issue with respect to the verdict form.

fendant initiated, influenced or otherwise caused the child to exhibit her breasts or pubic area and that the exhibition was initiated for the purpose of sexually stimulating the viewer. The Court of Appeals then held that, under the facts of this case, there was insufficient evidence to support the conviction under this subsection.

The Court of Appeals has reaffirmed its interpretation of the statute in two subsequent cases. *See State v. Myers*, 82 Wn. App. 435, 918 P.2d 183, *review granted*, 130 Wn.2d 1016 (1996), and *State v. Grannis*, 84 Wn. App. 546, 930 P.2d 327 (1997).[3]

The State argues that the Court of Appeals' interpretation of the statute as requiring influence or communication with the child adds an element to the crime which

---

[3]During the 1997 legislative session, two bills were introduced as a result of the Court of Appeals opinions in *Chester, Myers,* and *Grannis*. Both bills unanimously passed the House but failed to timely make it out of the Senate Law and Justice Committee. On the last day of the legislative session, both bills were returned to the House Rules Committee for third reading and, therefore, may be considered again during the next legislative session. Substitute House Bill 1441 would have criminalized the surreptitious viewing or photographing of another person, without that person's knowledge and consent, while the person was nude or partially nude, and in a place where he or she had a reasonable expectation of privacy. Substitute House Bill 1587 would have amended RCW 9.68A to add the following section:

"(1) A person is guilty of surreptitious sexual exploitation of a minor if, under circumstances not amounting to sexual exploitation of a minor under RCW 9.68A.040, the person, for the purpose of arousing or gratifying the sexual desire of any person, knowingly views, photographs, or films a minor, without the minor's knowledge and consent, while the minor being viewed, photographed, or filmed is in a state of full or partial nudity and is in a place where he or she would have a reasonable expectation of privacy.

"(2) Surreptitious sexual exploitation of a minor is a class C felony.

"(3) As used in this section:

"(a) 'Full or partial nudity' means the showing, with less than a fully opaque covering, of all or any part of the human genitals or pubic area or buttock, or any part of the nipple of the breast of any female person.

"(b) 'Photographs' or 'films' means to make a photograph, motion picture film, videotape, or any other recording or transmission of the image of a person.

"(c) 'Place where he or she would have a reasonable expectation of privacy' means a place where a reasonable person would believe that he or she could disrobe in privacy, without being concerned that his or her undressing was being photographed or filmed by another.

"(d) 'Views' means to look upon another person with the unaided eye or with a device designed or intended to improve visual acuity."

the Legislature did not contemplate. The State argues that the statute prohibits all photographs of children that are taken for the purpose of sexually stimulating the viewer. Defendant Chester challenges this interpretation of the statute as unconstitutionally vague or overbroad. This statute has previously withstood constitutional challenges in this court and in the Court of Appeals. *See State v. Farmer*, 116 Wn.2d 414, 805 P.2d 200, 13 A.L.R.5th 1070 (1991); *State v. Bohannon*, 62 Wn. App. 462, 814 P.2d 694 (1991). We also have held that it does not prohibit all nude photographs of children. *Farmer*, 116 Wn.2d at 421. *See also* RCW 9.68A.001. The question before us is whether the statute prohibits a person from filming a nude child, without the child's knowledge and where the exhibition of nudity is accomplished without the involvement of the defendant.

In determining the meaning and scope of a statute, we apply general principles of statutory construction. Those principles provide that in interpreting a statute, the fundamental duty of the court is to ascertain and carry out the intent of the Legislature. *State v. Alvarez*, 128 Wn.2d 1, 11, 904 P.2d 754 (1995). If a statute is unambiguous, it is not subject to judicial construction and its meaning is to be derived from the language of the statute alone. *Cherry v. Municipality of Metro. Seattle*, 116 Wn.2d 794, 799, 808 P.2d 746 (1991). The court may not add language to a clear statute, even if it believes the Legislature intended something else but failed to express it adequately. *Adams v. DSHS*, 38 Wn. App. 13, 16, 683 P.2d 1133 (1984). Additionally, a statute will be construed so as to avoid constitutional problems, if possible. *New York v. Ferber*, 458 U.S. 747, 769 n.24, 102 S. Ct. 3348, 73 L. Ed. 2d 1113 (1982); *City of Seattle v. Montana*, 129 Wn.2d 583, 590, 919 P.2d 1218 (1996).

On its face, RCW 9.68A.040(1)(b) is not ambiguous. *See State v. Knutson*, 64 Wn. App. 76, 81 n.4, 823 P.2d 513 (1991) (holding RCW 9.68A.040 is not ambiguous). It becomes ambiguous, and subject to constitutional chal-

lenges for vagueness, only if its language is stretched and twisted to fit facts not clearly within its scope.

The statute sets out the elements of the offense, making it a crime to (1) aid, invite, employ, authorize or cause a minor to (2) engage in sexually explicit conduct (3) knowing that the conduct will be photographed.

██ ██ The words "aids, invites, employs, authorizes or causes" are not defined in the statute. In the absence of a specific statutory definition, words in a statute are given their common law or ordinary meaning. *Alvarez*, 128 Wn.2d at 11; *State v. Smith*, 117 Wn.2d 263, 271, 814 P.2d 652 (1991). A nontechnical word may be given its dictionary definition. *State v. Fjermestad*, 114 Wn.2d 828, 835, 791 P.2d 897 (1990).

"Aid" means to support, assist, help or strengthen. BLACK'S LAW DICTIONARY 68 (6th ed. 1990); WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 44 (1986).

"Invite" means to offer an incentive or inducement or to request the participation or presence of a person. WEBSTER'S, *supra*, at 1190.

"Employ" means to engage in one's service or to hire or use. BLACK'S, *supra*, at 524; WEBSTER'S, *supra*, at 743.

"Authorize" means to empower or to give a right or authority to act. BLACK'S, *supra*, at 133; WEBSTER'S, *supra*, at 146.

"Cause" means to be the cause of, to bring about, to induce or to compel. BLACK'S, *supra*, at 221; WEBSTER'S, *supra*, at 356.

Each of these words is an active verb. Each requires some affirmative act of assistance, interaction, influence or communication on the part of a defendant which initiates and results in a child's display of sexually explicit conduct.

██ In this case, the Defendant placed a camera under his stepdaughter's bed, hoping and expecting to catch her on film in a state of undress. Although he intended to observe her, he did not communicate with her in any way

and he did not assist her in any way. There is no evidence in the record that the Defendant aided (supported or helped), invited (requested or induced), employed (hired or used), authorized (empowered or gave a right) or caused (brought about, induced or compelled) his stepdaughter to engage in sexually explicit conduct. If it had intended to criminalize the secret filming of a nude child who is unaware of the filming, the Legislature could have included the kind of conduct that occurred here within the prohibitions of the statute. As it exists, however, it does not appear that the Legislature intended, under the current provisions of the sexual exploitation of minors statute, to criminalize the photographing of a child, where there is no influence by the defendant which results in the child's sexually explicit conduct. It further appears that the Legislature has not contemplated this kind of conduct would constitute a class B felony.[4]

Defendant Chester was alternatively charged under RCW 9.68A.040(1)(c), which prohibits a parent from permitting the minor to engage in sexually explicit conduct knowing that the conduct will be photographed. "Permit" is not defined in the statute. Its dictionary definition is to expressly or formally consent, to allow, or to acquiesce by failure to prevent. BLACK's, *supra*, at 1140; WEBSTER's, *supra*, at 1683. While "permit" may suggest passive conduct, it appears that the aim of subsection (c) of the sexual exploitation statute is to prohibit a parent from allowing a child to be exploited under subsection (a) or (b) of the statute. The language of the statute does not support a contrary interpretation. If a parent, or stepparent, were actively involved in causing the exhibition or other sexually explicit conduct, then the parent would be subject to the terms of subsection (a) or (b). We interpret RCW 9.68A.040(1)(c) to prohibit the parent's knowing fail-

---

[4]Under the 1996-97 proposed amendment to the statute, SHB 1587, the surreptitious exploitation of a minor would be a class C felony; violation of RCW 9.68A.040(1)(b) is a class B felony.

ure or refusal to protect his or her child from sexual exploitation by another.

## CONCLUSION

We hold that the Defendant's conduct, although contemptible, does not fall within the prohibitions of the sexual exploitation of minors statute.

Affirmed.

DURHAM, C.J., and SMITH, JOHNSON, MADSEN, and SANDERS, JJ., concur.

ALEXANDER, J. (dissenting) — I dissent. In my view the evidence produced at trial was sufficient to support Chester's conviction. Clearly, there was evidence from which a jury could find beyond a reasonable doubt all of the elements of the crime of sexual exploitation of a minor, as defined in RCW 9.68A.040(1)(c). Reading that subsection in conjunction with the definition in RCW 9.68A.011(3)(e), a parent, legal guardian, or person having custody or control of a child, is guilty of sexual exploitation of a minor if he or she "permits" the minor in his or her control to engage in "[e]xhibition of the genitals . . . for the purpose of sexual stimulation of the viewer," knowing that the child's conduct will be photographed. The evidence here showed that Chester secretly videotaped his stepdaughter while she was dressing. The jury found that he did so with sexual motivation. Clerk's Papers at 82. Nothing more is required.

The majority reasons that the "aim of subsection (c) of the sexual exploitation statute is to prohibit a parent from allowing a child to be exploited under subsection (a) or (b) of the statute." Majority op. at 23. On that basis, it concludes that subsection (c) prohibits a parent only from participating in sexually exploitative conduct by *another*. Majority op. at 23, 24. That view of subsection (c) is inexplicable. By requiring the participation of a third

party, the majority reads an extra element into the offense and controverts rules of construction that it professes to endorse — the court "may not add language to a clear statute" and should give the words of a statute their "ordinary meaning." Majority op. at 21, 22.

The majority concedes that the term "permit" includes acquiescence or "failure to prevent." Majority op. at 23, 24. By knowingly videotaping his stepchild while she was undressed, Chester failed to prevent her from exhibiting herself, and thus permitted the conduct that RCW 9.68A-.040(1)(c) proscribes. Neither that subsection nor any other part of the statute says anything about the involvement of a third party. Under the majority's reasoning, Chester would be guilty of violating subsection (c) had he allowed a neighbor to secretly videotape his stepdaughter, yet is not guilty when he engages in that same act. This distinction makes no sense. It makes no difference to the child whether a third person or the parent engages in the "viewing"; in either case, the child is being exploited, which is precisely the evil that the statute seeks to prevent. *See, e.g.*, RCW 9.68A.001 ("The care of children is a sacred trust . . . .").

That does not end the inquiry, however. I agree with the majority that Chester's conviction cannot be upheld unless the evidence is sufficient to convict Chester under both RCW 9.68A.040(1)(b) and (c) because the verdict form does not indicate which subsection of the statute the jury found he violated. *See State v. Ortega-Martinez*, 124 Wn.2d 702, 708, 881 P.2d 231 (1994). Reading RCW 9.68A.040(1)(b) also in conjunction with the definition in RCW 9.68A-.011(3)(e), a person is guilty of sexual exploitation of a minor if he or she "[a]ids, invites, employs, authorizes, or causes a minor" to exhibit his or her genitals for the purpose of sexually stimulating the viewer, "knowing that such conduct will be photographed." Although Chester did not aid, invite, employ, authorize', or cause his stepdaughter to *undress,* in my view, he caused her to exhibit herself *in a sexual nature*; by knowingly filming her when she

was undressed, Chester converted what otherwise would have been an innocent act into an "exhibition . . . *for the purpose of sexual stimulation.*" RCW 9.68A.011(3)(e) (emphasis added). This conduct runs afoul of subsection (b) of RCW 9.68A.040(1).

The majority concludes that subsection (b) does not prohibit a parent or stepparent from filming a child nude without the child's consent, albeit for the purpose of sexual stimulation of the viewing stepparent, as long as the exhibition of the nudity is without the child's knowledge. Again, the majority reads an element into the statute that is not there. The statute says nothing about the child being aware that he or she is being exploited. I fail to see how a defendant's conduct is any less culpable because the child victim is sexually exploited in a surreptitious fashion.

In my judgment, there is sufficient evidence to support the jury's finding that Chester violated subsections (b) and (c) of RCW 9.68A.040(1). I would therefore uphold the conviction.

DOLLIVER and TALMADGE, JJ., concur with ALEXANDER, J.