Honorable Phil Dyer State Representative, 5th District P.O. Box 40600 Olympia, WA 98504-0600
Honorable Mary Margaret Haugen State Senator, 10th District P.O. Box 40482 Olympia, WA 98504-0482
Honorable Cathy Wolfe State Representative, 22nd District P.O. Box 40600 Olympia, WA 98504-0600
Honorable Dino Rossi State Senator, 5th District P.O. Box 40482 Olympia, WA 98504-0482
Dear Senators Haugen and Rossi, and Representatives Dyer and Wolfe:
By letter previously acknowledged, you requested our opinion on a question which we paraphrase as follows:
 Is a commercial firm entitled to inspect and copy public records not otherwise exempt from public disclosure, including lists of individuals, when the firm's purpose is not to contact individuals for purposes of commercial solicitation, but the firm does expect to use the records for general business purposes?
For the reasons set forth below, we conclude that the answer to your question is "no". Although commercial firms are entitled to inspect and copy public records which are not otherwise exempt from disclosure, the Public Records Act prohibits disclosure of lists of individuals which are requested for commercial purposes. There is nothing contained in the Act which distinguishes between different types of commercial purposes.
 BACKGROUND
The Public Disclosure Act was enacted in 1972 as Initiative 276. It became effective July 1, 1973, and was codified in chapter 42.17 RCW. The Act is "a strongly worded mandate for broad disclosure of public records." Hearst Corp. v. Hoppe, 90 Wn.2d 123,127, 580 P.2d 246 (1978). The term "public record" is defined in the Act as "any writing containing information relating to the conduct of government or the performance of any governmental or proprietary function prepared, owned, used, or retained by any state or local agency regardless of physical form or characteristics." RCW 42.17.020(36).
The Act states the provisions of chapter 42.17 RCW "shall be liberally construed to promote . . . full access to public records so as to assure continuing public confidence [in] . . . governmental processes, and so as to assure that the public interest will be fully protected." RCW 42.17.010(11). The state Supreme Court has held this declaration of policy is a command that the provisions of the Act "be liberally construed and that its exceptions be narrowly confined." Hearst, 90 Wn.2d at 128.
Although disclosure is favored, RCW 42.17.010(11) cautions that the Act "shall be enforced so as to insure that . . . all persons reporting under this chapter will be protected from harassment and unfounded allegations based on information they have freely disclosed." As we stated in AGO 1975 No. 15, there are two general types of public records which are exempt from disclosure: records which would invade personal privacy and those which would impair a vital governmental interest.[1] See RCW 42.17.310 — 31909.
 ANALYSIS
Under the Public Records Act, commercial firms are entitled to inspect and copy public records which are not otherwise exempt from public disclosure or prohibited from being disclosed. However, the Public Records Act prohibits disclosure of lists of individuals which are requested for commercial purposes. RCW 42.17.260(9) states:[2]
 This chapter shall not be construed as giving authority to any agency, the office of the secretary of the senate, or the office of the chief clerk of the house of representatives to give, sell or provide access to lists of individuals requested for commercial purposes, and agencies, the office of the secretary of the senate, and office of the chief clerk of the house of representatives shall not do so unless specifically authorized or directed by law: PROVIDED, HOWEVER, That lists of applicants for professional licenses and of professional licensees shall be made available to those professional associations or educational organizations recognized by their professional licensing or examination board, upon payment of a reasonable charge therefor: PROVIDED FURTHER, That such recognition may be refused only for a good cause pursuant to a hearing under the provisions of chapter 34.05 RCW, the Administrative Procedure Act.
We understand you are concerned about whether the statute restricts access to lists, regardless of whether the requester intends to directly solicit the individuals named in the list, or intends to use the information for general business reasons. The first step in understanding a statute is to consider its plain language. Washington State Coalition for the Homeless v.Department of Soc. Health Servs., No. 62879, 1997 WL 795959, at *5 (S. Ct. Dec. 24, 1997). When a statute is unambiguous, "it is not subject to judicial construction and its meaning is to be derived from the language of the statute alone." State v. Chester,133 Wn.2d 15, 21, 940 P.2d 1374 (1997); In re Eaton, 110 Wn.2d 892,898, 757 P.2d 961 (1988).
RCW 42.17.260(9) broadly states that it applies when a list is requested for "commercial purposes". The statute does not distinguish between different types of commercial purposes. Nor is the phrase "commercial purpose" among the words and phrases defined by the Public Records Act. See RCW 42.17.020. When a specific, statutory definition does not exist, the words of a statute are given their ordinary meaning. Chester,133 Wn.2d at 22. Nontechnical words are given their dictionary definition. Id.
Black's Law Dictionary states that the term "commercial" "[r]elates to or is connected with trade and traffic or commerce in general; is occupied with business and commerce. . . . Generic term for most all aspects of buying and selling." Black's Law Dictionary 270 (6th ed. 1990) (citations omitted). This comports with Webster's Dictionary, which defines commercial as "[o]f or relating to commerce . . . [e]ngaged in commerce." Webster's II New Riverside Univ. Dictionary 286 (1988). As we concluded in AGO 1975 No. 15, the word "commercial" broadly encompasses "any 'profit expecting' business activity." AGO 1975 No. 15 at 10.
The next step in analyzing the phrase is to consider the meaning of the word "purpose". "Purpose" is defined as "[t]hat which one sets before him to accomplish; an end, intention, or aim, object, plan, project. [The] term is synonymous with ends sought, an object to be attained, an intention, etc." Black's at 1236 (citations omitted). Similarly, Webster's defines "purpose" as "[t]he object toward which one strives or for which something exists". Webster's at 956. When the word "purpose" is read together with "commercial", the phrase "clearly indicates that what is required in order to render the statute applicable is an intent to use the list of individuals in such a manner as to facilitate commercial activity." AGO 1975 No. 15 at 10.
There is nothing in the definitions which limits the scope of the terms "commercial" or "purpose". When the language of a statute is clear, the courts will not add language to the statute "even if [they] believe the Legislature intended something else but failed to express it adequately." Washington State Coalition for theHomeless, 1997 WL 795959, at *3. AGO 1975 No. 15 states that if the requester has a commercial purpose and intends to directly contact or personally affect the individuals named in the list, RCW 42.17.260 prohibits disclosure. AGO 1975 No. 15 at 10. It is our understanding that this language in the 1975 opinion has been interpreted in a variety of ways by state agencies. While the statute clearly encompasses a commercial purpose which involves direct contact of the individuals named in a list, we do not believe the scope of the term "commercial purpose" is limited to situations in which individuals are directly contacted or personally affected.
Our opinion is solidified by a recent case in which the state Supreme Court considered the broadly phrased exemption from the Public Records Act found in RCW 42.17.310(1)(d). Newman v. KingCounty, Wn.2d, 947 P.2d 712 (1997). RCW 42.17.310(1)(d) exempts:
 Specific intelligence information and specific investigative records compiled by investigative, law enforcement, and penology agencies, and state agencies vested with the responsibility to discipline members of any profession, the nondisclosure of which is essential to effective law enforcement or for the protection of any person's right to privacy.
In Newman, the question before the Court was whether information which pertains to an open police investigation can be withheld from disclosure. At the time the public records request for access to the file was made, the investigation file in question was twenty-five years old. The case was reopened approximately three years before the request for access was made. The Court recognized that exemptions to the Public Records Act are narrowly construed and disclosure is strongly favored. Newman, 947 P.2d at 715. However, the Court found "[a]n inherent clash exists between the PDA's presumption and preference for disclosure, prior case law requiring a narrow interpretation of exemptions, and the broad language of the exemption." Id. The Court concluded that the statute provides a "categorical exemption" for all records contained in open, investigative files. Id. The Court held that since the statute does not limit the scope of the exemption, the PDA does not require the police department to perform any segregation of the documents in the file. Id. at 716. Like the exemption considered in Newman, RCW 42.17.260(9), the provision at issue, is a broadly stated, categorical prohibition. There is absolutely nothing contained in the statute which narrows the definition of a commercial purpose.
It should be noted that the general prohibition contained in RCW 42.17.260(9) is not absolute. If disclosure of a list of individuals is "specifically authorized or directed by law", the list may be disclosed regardless of whether it is requested for a commercial purpose. RCW 42.17.260(9). An example of a law authorizing disclosure is found in RCW 46.12.370. The Department of Licensing may disclose lists of registered owners of vehicles for limited commercial purposes, such as identifying vehicle owners to manufacturers so that notice may be given of safety-related defects. RCW 46.12.370(1). Through the use of such statutes, the Legislature is able to identify the commercial purposes which it believes justify disclosure of lists of individuals.
We trust the foregoing will be of assistance to you.
Very truly yours,
CHRISTINE O. GREGOIRE Attorney General
ANNE E. EGELER Assistant Attorney General
[1] A copy of AGO 1975 No. 15 is attached.
[2] The language found in RCW 42.17.260(9) was originally codified in RCW 42.17.260(5).