[Nos. 17762-9-III; 17879-0-III.   Division Three.   February 1, 2000.]

THE STATE OF WASHINGTON, *Respondent*, v. GARY J.E., *Petitioner*.

*Wayne C. Fricke* and *Henry W. Wiggins III* of *Law Offices of Monte E. Hester,* for petitioner.

*John D. Knodell III, Prosecuting Attorney,* for respondent.

SCHULTHEIS, J. — Gary E. appeals the trial court's denial

of his motion to dismiss a child rape charge, count 1, against him. He contends the charge should have been dismissed based on the legal principles of collateral estoppel and double jeopardy. The State maintains the motion to dismiss was properly denied. The State appeals, claiming the trial court erred when it dismissed counts 2 and 3 charged in the information. Both charges alleged that Mr. E. sexually molested his son in violation of RCW 9A.44.083. We affirm in part and reverse and remand in part.

Mr. E. was acquitted on charges of child rape (regarding his son P.E.) and child molestation (regarding his sons M.E. and P.E.) in Clallam County, Washington, in September 1997. The dates the alleged crimes occurred, as set forth in the Clallam County information, were on or about the period June 1, 1994, through May 3, 1996. A fourth charge of rape of a child (regarding M.E.) in the first degree was dismissed at the end of the State's case but prior to the charge being submitted to the jury. The parties did not appeal any of the Clallam County dispositions.

Approximately two months later, the State filed an information in Grant County, Washington, which alleged one count of rape of a child (M.E.) in the first degree pursuant to RCW 9A.44.073 and two counts of child molestation (M.E.) in the first degree pursuant to RCW 9A.44.083. The dates the alleged rape and molestations occurred in Grant County, as set forth in the information, were between January 1, 1993 and June of 1994.

Claiming that the "June of 1994" date overlapped in both the Clallam County and Grant County informations and that the crimes charged involved the same child, Mr. E. disputed whether he could be charged again in Grant County within two months of being acquitted and/or having similar charges dismissed in Clallam County. He also filed a *Knapstad*[1] motion, which challenged the sufficiency

---

[1] *State v. Knapstad*, 107 Wn.2d 346, 356-57, 729 P.2d 48 (1986) (procedure used for pretrial dismissal of criminal charges due to insufficient evidence to support a conviction).

of the State's evidence to support the molestation charges. Accordingly, Mr. E. requested that the court dismiss counts 2 and 3 (the molestation charges) for lack of evidence. On April 10, 1998, the court filed a memorandum decision that found Mr. E.'s conduct with his small son, while "contemptible," was not criminal on the evidence submitted. It cited *State v. Chester*, 133 Wn.2d 15, 940 P.2d 1374 (1997) as authority for its decision. The court dismissed counts 2 and 3, finding the evidence insufficient to support the molestation charges.

Mr. E. also filed various motions to dismiss count 1 (the child rape charge), including the legal principles of mandatory joinder, res judicata, double jeopardy and collateral estoppel. The State opposed the motions. In a memorandum decision filed on June 26, 1998, Mr. E.'s motions to dismiss were denied.

On August 20, 1998, the court filed an order of dismissal, which incorporated its memorandum opinions of April 10 and June 26. Mr. E. filed a motion for discretionary review asking that we reverse that portion of the order that denied his motion to dismiss count 1. The State filed a motion for discretionary review asking that we reverse that portion of the order that dismissed counts 2 and 3. Our commissioner granted Mr. E.'s motion, decided the State's motion was appealable of right, and consolidated the cases. Mr. E.'s criminal trial has been stayed pending resolution of this appeal.

█ Mr. E. contends the trial court erred when it denied his motion to dismiss the charge of rape of a child in the first degree based on the principles of collateral estoppel and double jeopardy. We review a trial court's order denying a motion to dismiss for manifest abuse of discretion. *State v. Hanna*, 123 Wn.2d 704, 715, 871 P.2d 135, *cert. denied*, 513 U.S. 919 (1994).

█ █ Mr. E. first claims that the Grant County child rape charge had already been litigated in Clallam County; therefore, collateral estoppel prevents the State from relitigating the rape allegation. As support for this claim, Mr. E.

maintains that a comparison of the two cases reveals that the charges are identical, involve the same allegations with the same alleged victim and overlap in time. Both parties cite *State v. Williams*, 132 Wn.2d 248, 937 P.2d 1052 (1997), which sets forth the elements that must be met in a successful collateral estoppel claim.

> The doctrine of collateral estoppel is embodied in the Fifth Amendment guaranty against double jeopardy. *Ashe v. Swenson*, 397 U.S. 436, 90 S. Ct. 1189, 1195, 25 L. Ed. 2d 469 (1970).
>
> > "Collateral estoppel" is an awkward phrase, but it stands for an extremely important principle in our adversary system of justice. It means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.
>
> *Ashe*, [397 U.S. at 443]. Under this doctrine, a *civil* proceeding may bar a criminal action if it resolved similar issues. *Yates v. United States*, 354 U.S. 298, 77 S. Ct. 1064, 1085, 1 L. Ed. 2d 1356 (1957), *overruled on other grounds by Burks v. United States*, 437 U.S. 1, 98 S. Ct. 2141, 2151, 57 L. Ed. 2d 1 (1978).
>
> The party asserting collateral estoppel bears the burden of proof, *McDaniels v. Carlson*, 108 Wn.2d 299, 303, 738 P.2d 254 (1987), and four requirements must be met:
>
> > (1) the issue decided in the prior adjudication must be identical with the one presented in the second; (2) the prior adjudication must have ended in a final judgment on the merits; (3) the party against whom the plea of collateral estoppel is asserted must have been a party or in privity with a party to the prior litigation; and (4) application of the doctrine must not work an injustice.

*Williams*, 132 Wn.2d at 253-54 (emphasis added).

In its letter opinion that denied Mr. E.'s motion to dismiss count 1, the trial court determined that Mr. E.'s collateral estoppel argument was irrelevant in light of the fact that the rape charge filed in Clallam County had been

dismissed before the issue was ever submitted to the jury for its consideration. It also determined that the dates in the two informations did not overlap. Additionally, the trial court determined that the charge in Grant County claimed that an incident of rape had allegedly occurred in Grant County. This claim was not related to the charge that a rape had also allegedly occurred, involving the same parties, in Clallam County at a different point in time. This was not an abuse of discretion. Mr. E. cannot meet the first element of collateral estoppel. As the trial court declared, the Grant County charge, while for the same offense, is not the same charge filed in Clallam County. Washington courts have yet to apply the doctrine of collateral estoppel to bar a criminal prosecution. *Id.* at 254.

Next, Mr. E. claims that because he was put in jeopardy by the State of Washington for the charge of rape of a child in the first degree in Clallam County, the double jeopardy clause prohibits the State from making successive attempts to convict him on the same charge. He cites several cases as well as RCW 10.43.030 and .050 as authority for this claim. This is a true statement of the law as far as it goes. However, Mr. E.'s claim is easily distinguished by the facts of this case as applied to the words of the double jeopardy statute. RCW 10.43.050 provides:

> No order of dismissal or directed verdict of not guilty on the ground of a variance between the indictment or information and the proof, or on the ground of any defect in such indictment or information, shall bar another prosecution *for the same offense*. Whenever a defendant shall be acquitted or convicted upon an indictment or information charging a crime consisting of different degrees, he cannot be proceeded against or tried for the same crime in another degree, nor for an attempt to commit such crime, or any degree thereof.

(Emphasis added.) As already determined, the alleged incident of child rape charged in Grant County is not the same incident of child rape that allegedly occurred in Clal-

lam County. As noted by the trial court, the date and place where the alleged crime took place is different in the charging documents filed in both Clallam and Grant counties. It follows then that the double jeopardy clause does not apply to the charge filed in Grant County, for which Mr. E. has not yet been put in jeopardy. The court's denial of Mr. E.'s motion to dismiss was not an abuse of discretion.

▪ ██ In its cross-appeal, the State contends the trial court erred when it dismissed counts 2 and 3 (the molestation charges) on Mr. E.'s *Knapstad* motion. The State claims that there was sufficient evidence presented that showed Mr. E.'s sexual contact with his son, if proven, would result in a violation of RCW 9A.44.083. A court's dismissal of charges contained in the information is proper if no rational trier of fact could have found beyond reasonable doubt the essential elements of the crime. *State v. Dunn*, 82 Wn. App. 122, 125, 916 P.2d 952, *review denied*, 130 Wn.2d 1018 (1996).

In 1993, which is when the alleged acts occurred, the elements of first degree child molestation were met when it could be proved that a "person ha[d] sexual contact with another who is less than twelve years old and not married to the perpetrator and the perpetrator is at least thirty-six months older than the victim." Former RCW 9A.44.083 (1993). Sexual contact is defined as "*any* touching of the sexual or other intimate parts of a person done for the purpose of gratifying sexual desire of *either* party[.]" RCW 9A.44.010(2) (emphasis added).

██ Following the law as stated in *Chester*, it is clear that statutes are to be construed as written. *Chester*, 133 Wn.2d at 21, opined:

> In determining the meaning and scope of a statute, we apply general principles of statutory construction. Those principles provide that in interpreting a statute, the fundamental duty of the court is to ascertain and carry out the intent of the Legislature. *State v. Alvarez*, 128 Wn.2d 1, 11, 904 P.2d 754 (1995). If a statute is unambiguous, it is not subject to judicial construction and its meaning is to be derived from the

language of the statute alone. *Cherry v. Municipality of Metro. Seattle*, 116 Wn.2d 794, 799, 808 P.2d 746 (1991). The court may not add language to a clear statute, even if it believes the Legislature intended something else but failed to express it adequately. *Adams v. DSHS*, 38 Wn. App. 13, 16, 683 P.2d 1133 (1984).

RCW 9A.44.010(2) is not ambiguous. It makes no distinction between whether the victim's intimate parts are touched by the accused or whether the accused's intimate parts are touched by the victim. Here, the undisputed facts reveal that on at least two occasions M.E. touched his father's penis, causing in the father a physical reaction equated with sexual gratification. Under these facts a rational trier of fact could have found beyond reasonable doubt that the essential elements of first degree child molestation were present. Accordingly, the trial court erred when it determined that Mr. E. must have caused the sexual contact to occur in order for the molestation charges to apply.

We affirm the denial of the motion to dismiss count 1. The court's dismissals of counts 2 and 3 are reversed and the matter is remanded for trial on the merits. We reject Mr. E.'s contention that double jeopardy and/or collateral estoppel apply as a bar to a trial on the merits regarding counts 2 and 3 for the same reasons that they did not apply to count 1.

KURTZ, C.J., and SWEENEY, J., concur.

After modification, further reconsideration denied March 14, 2000.

Review denied at 141 Wn.2d 1020 (2000).