234 P.3d 1183 (2010)
Shawn VAN HOVEN, a single man, Appellant,
v.
PRE-EMPLOYEE.COM, INC., a California Corporation, Respondent.
No. 28382-8-III.
Court of Appeals of Washington, Division 3.
July 13, 2010.
*1184 Julie Ann Anderson, Attorney at Law, Wenatchee, WA, for Appellant.
Gregory Paul Turner, Lee Smart PS Inc., Seattle, WA, for Respondent.
KULIK, C.J.
¶ 1 Shawn Van Hoven appeals the trial court's grant of summary judgment in favor of Pre-Employee.com, Inc. (Pre-Employee). Pre-Employee provided allegedly incorrect information about Mr. Van Hoven in a background check requested by the hospital that had conditionally hired him. Mr. Van Hoven filed an action for defamation. Because there was no evidence of malice or willful intent to injure, we conclude that RCW 19.182.080(6) bars Mr. Van Hoven's action. Accordingly, we affirm the trial court.

FACTS
¶ 2 Pre-Employee contracted with Central Washington Hospital (CWH) to do a background check on Shawn Van Hoven. Mr. Van Hoven applied for a job at CWH and signed a background authorization form under penalty of perjury. The background authorization form asked: "Have you been convicted of, or do you have charges pending for any crime?" Clerk's Papers (CP) at 70 (emphasis added). Mr. Van Hoven marked the "No" box. CP at 70. Mr. Van Hoven later asserted that he was confused about the definitions on CWH's employment application, which defined "[c]rimes relating to drugs" as "a conviction of a crime to manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance." CP at 57. The authorization form was a separate document from the employment application.
¶ 3 CWH hired Mr. Van Hoven, conditioned on the results of his background check. Pre-Employee's background report stated that Mr. Van Hoven was guilty of marijuana possession less than or equal to 40 grams and attempted possession of drug paraphernalia. The date of the offenses was March 14, 2005. The report was later corrected to indicate that the marijuana possession charge was dismissed.
¶ 4 Upon receiving the initial report from Pre-Employee, Jo Wavra, Human Resource Specialist for CWH, discussed the results of the background check with Mr. Van Hoven. Mr. Van Hoven admits that he was guilty of possession of marijuana and possession of drug paraphernalia. However, as part of a plea bargain, one charge was dismissed. Mr. Van Hoven did not deny the results of the background check nor did he provide any clarification.
¶ 5 In her declaration, Ms. Wavra stated that "because [Mr. Van Hoven] had provided false information, the hospital was going to rescind his conditional employment offer." CP at 34. Ms. Wavra also stated that had Mr. Van Hoven disclosed the charges, he *1185 probably would not have been called for an interview whether there was one or two charges against him. She further stated that he likely would not have been hired had CWH known of only one drug conviction.
¶ 6 On September 5, 2008, Mr. Van Hoven filed a defamation suit against Pre-Employee. The court granted Pre-Employee's motion for summary judgment. This appeal followed.

ANALYSIS
¶ 7 Claim Barred under RCW 19.182.080(6). The court engages in de novo review of the trial court's interpretation of a statute. State v. Alvarado, 164 Wash.2d 556, 561, 192 P.3d 345 (2008). RCW 19.182.080(6) provides
no consumer may bring an action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against a consumer reporting agency ... based on information disclosed under this section or RCW 19.182.070, except as to false information furnished with malice or willful intent to injure the consumer.
¶ 8 Mr. Van Hoven argues that the restrictions in RCW 19.182.080(6) do not apply to his action to preclude his claim. RCW 19.182.080(6) bars actions based on disclosure of information under RCW 19.182.070 and RCW 19.182.080, absent "malice or willful intent to injure the consumer." RCW 19.182.070 provides that
[a] consumer reporting agency shall, upon request by the consumer, clearly and accurately disclose:
(1) All information in the file on the consumer at the time of request.
¶ 9 "Consumer" is defined as an individual. RCW 19.182.010(3). Mr. Van Hoven contends that the Pre-Employee report was not accurate nor was the report in its file "at the time of request." He claims that the report became part of the file as a result of the investigation.
¶ 10 No cases interpret RCW 19.182.070 and RCW 19.182.080(6) as to Mr. Van Hoven's arguments. To determine the meaning of a statute, the principles of statutory construction are applied to carry out the legislature's intent. State v. Chester, 133 Wash.2d 15, 21, 940 P.2d 1374 (1997). If the language is clear on its face, the court must give effect to its plain meaning and assume the legislature means exactly what it says. State v. Chapman, 140 Wash.2d 436, 450, 998 P.2d 282 (2000).
¶ 11 The purpose of chapter 19.182 RCW, the Fair Credit Reporting Act, is to "assure accurate credit data collection." RCW 19.182.005. Therefore, Mr. Van Hoven argues that the court should strictly construe RCW 19.182.080(6) to allow immunity only with respect to reporting of accurate information on file at the time of the consumer request.
¶ 12 Mr. Van Hoven's argument is not persuasive. By signing the background authorization form, Mr. Van Hoven authorized the hospital to request information. He does not dispute that Pre-Employee's report was an accurate report of the information it had gathered even though it later determined that the marijuana charge had been dismissed. And Mr. Van Hoven does not allege that Pre-Employee acted with malice or willful intent to injure. Accordingly, RCW 19.182.080(6) precludes Mr. Van Hoven's claim.
¶ 13 Summary Judgment. "This court reviews summary judgment orders de novo, performing the same inquiry as the trial court." Hisle v. Todd Pac. Shipyards Corp., 151 Wash.2d 853, 860, 93 P.3d 108 (2004). Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56(c).
¶ 14 In order to prove a claim for defamation, four elements must be established: (1) falsity, (2) an unprivileged communication, (3) fault, and (4) damages. Mark v. Seattle Times, 96 Wash.2d 473, 486, 635 P.2d 1081 (1981).
¶ 15 In Ms. Wavra's declaration, she stated that "[Mr.] Van Hoven was let go because of the falsification on the application as well as *1186 his background check form." CP at 34. Even though Mr. Van Hoven had the opportunity to respond to the results of his background check, he did not deny the results nor provide any clarification. Ms. Wavra also stated that had Mr. Van Hoven disclosed the charges, he probably would not have been called for an interview regardless of whether there was one or two charges against him. Thus, he likely would not have been hired at all had they known of only one drug conviction.
¶ 16 Other than disputing the words "likely" and "probably," Mr. Van Hoven presents no evidence tending to show that he would have been retained if Pre-Employee's report stated that one charge was dismissed while he was found guilty on the other. In fact, he lied on his application when he answered "no" to the question, "Have you been convicted [of] any criminal offense?" CP at 54. Even discounting the misinformation about the marijuana charge, he was convicted of the drug paraphernalia charge. Although he argues that he was confused because later in the application he was asked about drug offenses involving manufacture, delivery or possession with intent to deliver, the question on page two of the application clearly asked him to list all convictions. In these circumstances, no issue of fact exists as to whether Pre-Employee's misinformation about the possession charge was the reason for Mr. Van Hoven's discharge. As such, Mr. Van Hoven fails to establish damages.
¶ 17 Mr. Van Hoven also asserts that Ms. Wavra had an incentive to slant the evidence in Pre-Employee's favor because CWH had agreed to indemnify Pre-Employee. However, the summary dismissal of Mr. Van Hoven's claim is sustainable under RCW 19.182.080(6) alone; Pre-Employee had immunity.
¶ 18 We affirm the trial court's grant of summary judgment in favor of Pre-Employee.
WE CONCUR: SWEENEY and BROWN, JJ.