IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| In the Matter of the Detention of | ) | No. 75138-7-I |
| ZACHARY SHANE NELSON, | ) | |
| | ) | DIVISION ONE |
| Petitioner. | ) | |
| In the Matter of the Detention of | ) | No. 75364-9-I |
| LOUIS BROCK, | ) | PUBLISHED OPINION |
| Petitioner. | ) | FILED: February 26, 2018 |

BECKER, J. — These linked appeals are before us on discretionary review to address a recurring issue in the procedure for determining whether a person committed as a sexually violent predator may have a trial for release. We hold that at a show cause hearing under RCW 71.09.090(2)(b), the prosecuting agency is free to rely on experts of its choosing rather than relying exclusively on annual evaluations prepared under RCW 71.09.070.

The issue involves two distinct sections of chapter 71.09 RCW. The first is the requirement for an annual evaluation. Each person committed as a sexually violent predator "shall have a current examination of his or her mental condition made by the department at least once every year." RCW 71.09.070(1).

The second is the procedure for a show cause hearing, which is set forth in RCW 71.09.090(2).

A committed person may petition the court once a year for conditional release to a less restrictive alternative or unconditional release. The court then sets a show cause hearing to determine whether probable cause exists for a trial on release. RCW 71.09.090(2)(a). The court performs "a critical gate-keeping function" at the show cause hearing; the court "must assume the truth of the evidence presented" but at the same time "must determine whether the asserted evidence, if believed, is *sufficient* to establish the proposition its proponent intends to prove." State v. McCuistion, 174 Wn.2d 369, 382, 275 P.3d 1092 (2012), cert. denied, 568 U.S. 1196 (2013).

At a show cause hearing, the prosecuting agency for the state "shall present prima facie evidence establishing that the committed person continues to meet the definition of a sexually violent predator and that a less restrictive alternative is not in the best interest of the person and conditions cannot be imposed that adequately protect the community." RCW 71.09.090(2)(b). If the state does not make this initial showing, the court "shall" set a release trial. RCW 71.09.090(2)(c).

If the state does make this initial showing, the committed person will still be allowed to have a release trial if probable cause exists to believe that the person's condition has "so changed" that

> (A) the person no longer meets the definition of a sexually violent predator; or (B) release to a proposed less restrictive alternative would be in the best interest of the person and conditions can be imposed that would adequately protect the community.

2

RCW 71.09.090(2)(c)(ii); see In re Det. of Petersen, 145 Wn.2d 789, 798, 42 P.3d 952 (2002) (two statutory ways for a court to determine there is probable cause to proceed to an evidentiary hearing: "(1) by deficiency in the proof submitted by the State, or (2) by sufficiency of proof by the prisoner.") Proof that the prisoner has "so changed" must be shown by current evidence from a licensed professional of a physiological change or a treatment-induced change to the person's mental condition. RCW 71.09.090(4); McCuistion, 174 Wn.2d at 382.

Petitioners contend that the prosecuting agency's prima facie evidence required by RCW 71.09.090(2)(b) is limited to the annual evaluation. The objective of petitioners is to proceed to a trial. If the state fails to make its prima facie showing at the show cause hearing, the committed person will be granted a full trial even if there is no evidence that the person has "'so changed.'" McCuistion, 174 Wn.2d at 380 ("The court must order an evidentiary hearing if the State fails to meet its burden"); In re Det. of Marcum, 189 Wn.2d 1, 8, 403 P.3d 16 (2017). Thus, if the prosecuting agency's evidence at the show cause hearing were limited to an annual evaluation, and that evaluation did not meet the State's burden stated in RCW 71.09.090(2)(b), the matter would proceed to trial.

Nelson

Petitioner Zachary Nelson was committed as a sexually violent predator in 2011. Nelson's commitment was based on acts he committed as an adolescent.

Nelson's annual evaluation in 2015 was performed by Dr. Robert Saari, a psychologist employed as a forensic evaluator by the Department of Social and

3

Health Services. An annual evaluation must include "consideration of whether . . . the committed person currently meets the definition of a sexually violent predator." RCW 71.09.070(2)(a). According to Dr. Saari's report, he does not think Nelson currently meets the definition. He said that his opinion was based not on any clear change in Nelson's mental condition but on a fundamental disagreement with his initial commitment.

Dr. Saari's evaluation was sent to the King County Superior Court and the King County Prosecuting Attorney's Office as required by RCW 71.09.070(1). Citing Dr. Saari's acknowledged lack of expertise with adolescent sex offenders, the prosecutor's office contacted the department and requested a second evaluation. The department retained Dr. Christopher North to complete a second evaluation of Nelson. Dr. North has experience with juvenile sex offenders and had previously evaluated Nelson. According to Dr. North's evaluation, Nelson currently meets the definition of a sexually violent predator.

The court scheduled a show cause hearing to determine whether Nelson was entitled to an unconditional release trial. Nelson moved to strike Dr. North's evaluation, arguing the state was required to rely exclusively on the annual evaluation performed by Dr. Saari. The trial court denied the motion to strike. If the only professional evaluation before the court had been Dr. Saari's report stating that Nelson does not meet the definition of a sexually violent predator, the state would not have carried its initial burden of producing prima facie evidence. The court concluded that the state met its prima facie burden through Dr. North's evaluation.

4

Dr. Saari's report did not evaluate Nelson's condition as having changed since his commitment trial. The trial court determined that his report was "not sufficient" to allow Nelson to proceed to a trial and entered an order terminating Nelson's annual review.

Nelson's appeal does not challenge the court's ruling that Dr. Saari's report was insufficient to permit him to proceed to a trial. The sole issue he presents is whether the trial court properly allowed the state to rely on Dr. North's report as prima facie evidence of his unfitness for release instead of limiting the State to Dr. Saari's evaluation.

Brock

Petitioner Louis Brock has been committed as a sexually violent predator since 1991. While committed, Brock has largely refused treatment. Dr. Kristen Carlson, a psychologist employed as a forensic evaluator by the department, performed an annual evaluation of Brock. Her report was filed in February 2016. She stated that although Brock was not participating in treatment, she could not "say with any degree of psychological certainty that Mr. Brock is considered likely (more probably than not) to commit a sexually violent offense." Brock requested a show cause hearing to determine whether there were grounds for his unconditional release in light of Dr. Carlson's report. The show cause hearing was held in May 2016.

To meet its initial burden of producing prima facie evidence under RCW 71.09.090(2)(b), the prosecuting agency—in Brock's case, the Attorney General's Office—submitted an evaluation produced in November 2015 by

5

Dr. Henry Richards. Dr. Richards opined that Brock continues to meet the definition of a sexually violent predator and is not safe to be released to a less restrictive alternative. This report was not an annual evaluation produced by the department. Dr. Richards prepared it in anticipation of serving as an expert witness for the state at a trial in July 2016 on whether a less restrictive alternative was appropriate for Brock.

Brock objected to the introduction of Dr. Richards' evaluation. He made the same argument as Nelson—that the statute required the state to rely exclusively on the annual evaluation performed by Dr. Carlson.

The court ruled the state was unrestricted in the type of evidence it could present to make the prima facie showing required by RCW 71.09.090(2)(b). The court admitted Dr. Richards' report and held that it was prima facie evidence that Brock continued to meet the definition of a sexually violent predator.

The court then found that Brock did not meet his burden of establishing probable cause that his condition had "so changed" under RCW 71.09.090(2)(c)(ii). The court considered Carlson's evaluation but noted that Brock had not been participating in treatment. The court declined to grant Brock's request for a new trial. See RCW 71.09.090(4)(b).

Like Nelson, Brock does not challenge the trial court's ruling that Dr. Carlson's report was insufficient to establish probable cause. The sole issue is whether the trial court properly allowed the state to rely on the report by Dr. Richards to make its prima facie showing. Petitioners contend that only the

annual evaluation is admissible at the show cause hearing to determine whether the state has met its prima facie burden.

Since the grant of discretionary review, both Nelson and Brock have been granted jury trials regarding their request for unconditional release. Because they have already obtained the relief they are seeking, their appeals are technically moot. This court may review a moot case "if it presents issues of continuing and substantial public interest." In re Marriage of Horner, 151 Wn.2d 884, 891, 93 P.3d 124 (2004). We elect to do so in this case due to the recurring nature of the issue presented.

The issue presented is a matter of statutory construction. Statutory interpretation is reviewed de novo. In re Det. of Strand, 167 Wn.2d 180, 186, 217 P.3d 1159 (2009). "In interpreting a statute, this court looks first to the plain language." State v. Armendariz, 160 Wn.2d 106, 110, 156 P.3d 201 (2007).

Under RCW 71.09.070, the department must produce an annual report of the detainee's mental condition. Petitioners claim the statute envisions the annual report as the only evaluation the prosecuting agency may rely on to meet the state's burden at the show cause hearing. Their proposed limitation finds no support in the statutory language. The annual review and the show cause hearing are separate and distinct procedures. RCW 71.09.070 makes the production of the annual report an obligation of the department. It does not preclude the prosecuting agency from hiring another expert to contradict the annual report at the show cause hearing. It does not even mention the

7

prosecuting agency. The obligations of the prosecuting agency are discussed in RCW 71.09.090(2)(b) in connection with the show cause hearing.

The show cause hearing is a judicial proceeding. Its purpose is to determine whether the detainee is entitled to an evidentiary hearing. Marcum, 189 Wn.2d at 11. The initial burden of proof is placed on the prosecuting agency to demonstrate that continued commitment is appropriate. To make its prima facie showing at the show cause hearing, "the state may rely exclusively upon the annual report prepared pursuant to RCW 71.09.070." RCW 71.09.090(2)(b).

Brock and Nelson argue that "may" in this context means "shall." Their interpretation runs contrary to the statute's plain language. The word "may" is ordinarily regarded as permissive, and it is presumed to do so when used in the same statutory provision as the word "shall." Scannell v. City of Seattle, 97 Wn.2d 701, 704, 648 P.2d 435, 656 P.2d 1083 (1982). Here, the word "may" is presumptively permissive. It occurs in a statutory provision that also uses the word "shall":

> The committed person *shall* have a right to have an attorney represent him or her at the show cause hearing, which *may* be conducted solely on the basis of affidavits or declarations, but the person is not entitled to be present at the show cause hearing. At the show cause hearing, the prosecuting agency *shall* present prima facie evidence establishing that the committed person continues to meet the definition of a sexually violent predator and that a less restrictive alternative is not in the best interest of the person and conditions cannot be imposed that adequately protect the community. In making this showing, the state *may* rely exclusively upon the annual report prepared pursuant to RCW 71.09.070. The committed person *may* present responsive affidavits or declarations to which the state *may* reply.

RCW 71.09.090(2)(b) (emphasis added).

8

Courts do not engage in statutory interpretation of a statute that is not ambiguous. State v. Keller, 143 Wn.2d 267, 276, 19 P.3d 1030 (2001), cert. denied, 534 U.S. 1130 (2002). "If a statute is plain and unambiguous, its meaning must be derived from the wording of the statute itself." Keller, 143 Wn.2d at 276. The statute quoted above unambiguously provides that the state is permitted to rely on an annual report to make its prima facie case at the show cause hearing but is not required to do so.

In an attempt to overcome the statute's plain language, Nelson and Brock call on the doctrine of constitutional avoidance. Statutes are construed to avoid constitutional problems if possible. State v. Chester, 133 Wn.2d 15, 21, 940 P.2d 1374 (1997). The annual review scheme is "critical" to the constitutionality of chapter 71.09 RCW because it provides a means to petition the court for release. McCuistion, 174 Wn.2d at 388. "This statutory scheme comports with substantive due process because it does not permit continued involuntary commitment of a person who is no longer mentally ill and dangerous." McCuistion, 174 Wn.2d at 388.

The annual review produced by a professional evaluator for the department is used "to properly identify those who are no longer mentally ill and dangerous." McCuistion, 174 Wn.2d at 389. Nelson and Brock argue that allowing the state to retain and rely on other experts at the show cause hearing will strip the annual review process of objectivity. They contend that unless the state is required to rely exclusively on the annual report, the commitment scheme as a whole will not provide substantive due process.

We disagree. What is critical to the constitutionality of the statute is a "periodic and timely evaluation of the sexually violent person's mental health condition." In re Det. of Rushton, 190 Wn. App. 358, 371, 359 P.3d 935 (2015). The periodic and timely evaluation is provided for in RCW 71.09.070 by making it an obligation of the department. Allowing the prosecuting agency to present a different evaluation to make its prima facie case at the show cause hearing provided for in RCW 71.09.090(2) does not undermine the objectivity of the annual review process and is not inconsistent with substantive due process. Cases cited by petitioners do not suggest otherwise. The Supreme Court has expressly stated that at a probable cause hearing, the trial court "is entitled to consider all of the evidence, including evidence submitted by the State." McCuistion, 174 Wn.2d at 382.

Contrary to the argument of petitioners, allowing the state to bring in expert witnesses other than the department's evaluator is not an absurd result. A party's discretion to retain and rely on expert witnesses of its choosing is a regular component of civil and criminal proceedings.

In short, construing "may rely exclusively" as if it meant "shall rely exclusively" is not warranted by statutory language and is not necessary to avoid a constitutional problem. The plain language of RCW 71.09.090(2)(b) allows the state to rely on an annual evaluation at a show cause hearing but does not prevent the state from presenting an expert witness of its own choosing.

10

Affirmed.

_Becker, J._

WE CONCUR:

_Mann, J._      _ACJ_