[No. 64415-2. En Banc.]
Argued May 27, 1997. Decided August 7, 1997.

THE STATE OF WASHINGTON, *Respondent*, v. GARY K. MYERS, *Petitioner*.

28

*William M. Vesneski*, for petitioner.
*Bernardean Broadous, Prosecuting Attorney*, and *James C. Powers, Deputy*, for respondent.

JOHNSON, J. — Gary Myers was convicted of sexual exploitation of a minor based on his videotaping his seven-year-old daughter. He appealed and the Court of Appeals held the statute was not void for vagueness or overbroad; the admission of other videotaped scenes of children's clothed pubic and buttock areas was not in error; and Myers' conviction was supported by substantial evidence. *State v. Myers*, 82 Wn. App. 435, 918 P.2d 183 (1996). We affirm the Court of Appeals.[1]

## FACTS

While attending a family picnic, Gary Myers videotaped several scenes, including multiple shots of the clothed pubic and buttock areas of adults and children. When he returned home, using the same tape, he videotaped his seven-year-old daughter, N.M., in the bathtub. This por-

[1]This case is a companion case to *State v. Chester*, 133 Wn.2d 15, 940 P.2d 1374 (1997).

tion of the tape opens on the full figure of N.M., who says, "Daddy, don't," then moves to extreme closeups of the child's pubic area. The voice of the operator, identified as Myers at trial, can be heard during the filming, asking N.M. to move in a certain way, i.e., to put her head in the water, to show how long she is, etc. The camera zooms in again and again to full frame shots of the child's pubic area.

Later that same day, Myers edited this tape and created a second tape. He edited the family picnic scene, deleting the more mundane shots of people at the family gathering, and repeating certain zoom shots of children's clothed buttock and pubic areas. He also edited the bathtub scene, deleting only the beginning shot, with N.M. saying, "Daddy, don't."

Myers was charged with sexual exploitation of a minor under RCW 9.68A.040(1)(b). At trial, Myers claimed he made these tapes to anger his girl friend, and not for the purpose of sexual stimulation. The jury found him guilty. Myers appealed and we accepted review. Myers challenges whether RCW 9.68A.011(3)(e) (defining "sexually explicit conduct" for purposes of RCW 9.68A.040(1)(b)) is unconstitutionally overbroad; whether the trial court erred in admitting into evidence videotaped scenes of children other than N.M. and testimony regarding videotaped scenes of other children; and whether Myers' guilty verdict is supported by sufficient evidence.

## ANALYSIS

Myers was charged and convicted of sexual exploitation of a minor. The relevant statutes provide:

(1) A person is guilty of sexual exploitation of a minor if the person:

(b) Aids, invites, employs, authorizes, or causes a minor to engage in sexually explicit conduct, knowing that such conduct will be photographed or part of a live performance[.]

RCW 9.68A.040(1)(b).

(3) "Sexually explicit conduct" means actual or simulated:

(e) Exhibition of the genitals or unclothed pubic or rectal areas of any minor, or the unclothed breast of a female minor, for the purpose of sexual stimulation of the viewer[.]

RCW 9.68A.011(3)(e).

At trial, Myers moved to dismiss, arguing RCW 9.68A.011(3)(e) is overbroad and vague. The overbreadth argument presented by Myers at trial centered on the word "exhibition" in the definition portion of the statute. Myers asserted there must be some conduct on the part of the subject, "something suggestive, something sexually inherent in the exhibition itself." Report of Proceedings (RP) at 9. Myers also claimed N.M. was not asked to "perform in any lewd manner." His motion to dismiss was denied. Myers essentially requested the trial court view the definition of "exhibition" from the vantage point of the minor, which the court refused to do. The definition, the court ruled, must be read from the viewpoint of the defendant. The court found the exhibition of body parts, together with the purpose of that exhibition (sexual stimulation), ensured the statute was neither overbroad nor vague.

A statute is presumed constitutional and the party challenging the statute has the burden of proving its unconstitutionality. *City of Seattle v. Eze*, 111 Wn.2d 22, 26, 759 P.2d 366, 78 A.L.R.4th 1115 (1988). A law is overbroad if it sweeps within its prohibitions constitutionally protected free speech activities. *City of Seattle v. Webster*, 115 Wn.2d 635, 641, 802 P.2d 1333, 7 A.L.R.5th 1100 (1990).

The traditional rule is that a person challenging a statute may not challenge the statute on the ground it may conceivably be applied unconstitutionally to others in situations not before the court. *New York v. Ferber*, 458 U.S. 747, 767, 102 S. Ct. 3348, 73 L. Ed. 2d 1113 (1982). The exception to this rule is when the statute is challenged on overbreadth grounds and involves the First Amendment. *Ferber*, 458 U.S. at 768. In order for a statute to be struck

down on overbreadth grounds, the overbreadth must be "substantial." *Ferber*, 458 U.S. at 769. Further, where conduct and not merely speech is involved, the substantial overbreadth of the statute is judged in relation to the statute's legitimate sweep. *Ferber*, 458 U.S. at 770.

■ Child pornography, like obscenity, is unprotected by the First Amendment. *Ferber*, 458 U.S. at 764. In *Ferber*, the Supreme Court upheld against an overbreadth challenge a statute that prohibited the use of children under 16 for sexual conduct in performances. *Ferber*, 458 U.S. at 774. The statute defined sexual conduct as various actual or simulated sexual acts and also lewd exhibition of the genitals. *Ferber*, 458 U.S. 747. The Court found that whatever arguably impermissible applications of the statute existed, these did not amount to more than a fraction of the materials within the statute's reach and the statute was valid. *Ferber*, 458 U.S. at 773.

We have previously ruled RCW 9.68A.011(3)(e) is not overbroad. *State v. Farmer*, 116 Wn.2d 414, 805 P.2d 200, 812 P.2d 858, 13 A.L.R.5th 1070 (1991). In *Farmer*, the defendant argued the definition of sexually explicit conduct was overly broad because the words "lewd" or "lascivious" are not included in the definition. Farmer asserted nudity is not harmful, the statute prohibits all nudity and, therefore, because "lewd" and "lascivious" have recognized meanings relating to obscenity for purposes of analyzing nudity, excluding the terms from the statute renders it overly broad. We found the statute does not prohibit all nudity and upheld its constitutionality. We also stated Farmer failed to rationally argue why the terms "lewd" or "lascivious" should be included in the statute and, because obscenity was not at issue in his case, his reliance upon it was misplaced. *Farmer*, 116 Wn.2d at 421.

Myers claims the *Farmer* court upheld the statute because the defendant failed to provide rational argument or authority to support his position. Here, Myers argues because there was no testimony that the videos of N.M. were graphic, lewd, or salacious, the videos fall within a

group of protected works "ranging from medical textbooks to pictorials in the National Geographic." Br. of Appellant at 15. Myers contends the statute should not apply to him because his videos are innocent depictions of child nudity, thus worthy of First Amendment protection. Myers' overbreadth argument is essentially the same as was offered by the defendant in *Farmer*: that the statute proscribes all nudity, and because the videos were not affirmatively determined to be lewd, they are therefore protected under the First Amendment, and the statute is overbroad.

This argument fails. First, in *Farmer*, we determined the statute does not prohibit all nudity. The statute proscribes the exhibition of, among other things, the unclothed pubic area of a minor *for the purpose of sexual stimulation of the viewer*. We agree with the trial court that this element of having a purpose to sexually stimulate the viewer, combined with the exhibition, ensures the statute is not overbroad. Second, like the defendant in *Farmer*, Myers fails to explain why these videotapes must be labeled "lewd." Obscenity is not the issue.

■ Myers also asserts because "sexual stimulation" is not defined in the chapter, innocent videos of children bathing are swept within the reach of the statute. When a statute does not define a nontechnical word, the court may look to the dictionary for guidance. *State v. Pacheco*, 125 Wn.2d 150, 154, 882 P.2d 183 (1994). "Stimulation" means "the stimulating action of various agents on muscles, nerves, or a sensory end organ by which activity is evoked; . . . the reaction produced in a sensory end organ by a stimulus that initiates a nerve impulse and results in functional activity of an effector." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2244 (1986). Contrary to argument offered by Myers, nude photos of children bathing, or nude photos of children for medical textbooks or National Geographic, are not swept within the statute's prohibitions. It is unclear when, if ever, videotapes of nude children photographed for the purpose of

sexual stimulation of the viewer would fall within the protection of the First Amendment.

■ The statute does not make unlawful a substantial amount of constitutionally protected conduct. Even if some protected expression would fall prey to the statute, under *Ferber,* if the statute's legitimate reach far surpasses its arguably impermissible applications, the statute is not overbroad. Like the similar statute at issue in *Ferber,* the legitimate reach of this statute in prohibiting conduct unprotected by the First Amendment far surpasses whatever impermissible application this statute may reach. We hold RCW 9.68A.011(3)(e) is not overbroad.

Myers next argues the trial court erred in admitting into evidence the videotaped scenes of children other than N.M. and testimony regarding the videotaped scenes of other children. Based on the record at trial, this argument fails.

■■ A trial court's rulings on evidentiary issues are reviewed under the abuse of discretion standard. *State v. Powell,* 126 Wn.2d 244, 258, 893 P.2d 615 (1995). Evidence admitted without objection may be properly considered. *In re Dependency of Penelope B.,* 104 Wn.2d 643, 659-60, 709 P.2d 1185 (1985).

At trial, Myers made a motion in limine to "limit the presentation of the videotape to the exclusion of views other than the views of the little girl in the bathtub." RP at 44. The court stated:

> The bigger question as to whether the incident at the picnic should be shown to the jury or described to the jury at all is a little more complicated question. I think that I probably need to actually view the ten-minute portion to make a judgment myself as to whether the State needs anything more to show intent. It certainly does appear from the descriptions that I've heard that the picnic tape in relation to this tape — in relation to the bathtub tape, particularly in light of the descriptions of the editing that took place, go towards the purpose or intent of the photographer, and by placing both of the circumstances on one tape seems to relate them sufficiently enough that the purpose and intent can be related.

RP at 56. Before ruling on the issue, the court did state it would permit showing the edited version of the shots of N.M. and would also permit showing the portion of the original tape that included what had been edited from the bathtub scene. The court also cautioned Myers, stating that any inquiry into topics regarding other use of the video camera could open doors to the prosecution inquiring into other tapes as well.

After the judge had viewed the video of N.M., and prior to the jury being admitted to the courtroom, Myers *withdrew his objection* to showing the complete, edited version of the videotape. This tape included the family picnic scenes. Myers later objected to the sequence in which the prosecution wished to show the scenes, but the court ruled the prosecution could show the scenes on the videotape in whatever order it wished. The prosecution, in presenting the edited tape, showed the scene of N.M. in the bathtub first, followed by a portion of the edited version of the family picnic scene. The prosecution also showed, using the original tape, that portion of the original bathtub scene that had been edited. Myers incorrectly relies on his motion in limine to preserve an objection he explicitly withdrew. Admission of the videotaped scenes of children other than N.M. was not error.

As to the testimony regarding videotaped scenes of children other than N.M., Myers' argument that this should have been excluded also fails. Myers withdrew his objection to the presentation of the complete videotape, finding it necessary to open the door to this evidence in order to present a defense. Further, Myers never objected to, nor did he move to exclude, testimony regarding what those particular videotapes contained. The testimony he now claims should have been excluded primarily involves testimony regarding exactly what the jury actually viewed on the videotape. Myers is attempting to claim that testimony regarding scenes included on a videotape were inadmissible after having withdrawn his objection to the videotape and having based his defense on the very evidence he claims was admitted in error.

Myers also claims testimony regarding a scene of children at a swimming pool should have been excluded. The testimony he claims was inadmissible was Myers' girl friend stating that a scene of children at a swimming pool followed the scene of N.M. in the bathtub on the videotape. This scene was included on the videotape to which Myers withdrew objection.

 Other testimony Myers claims was inadmissible involves references to other videotapes he made — his "covert photography of other persons." However, defense counsel first brought out this evidence in Myers' direct testimony, which opened the door to the prosecutor. The doctrine of invited error also precludes this argument. A party may not set up error at trial and then complain of it on appeal. *State v. Pam*, 101 Wn.2d 507, 511, 680 P.2d 762 (1984).[2]

 Myers also claims error because the evidence was admitted without a limiting instruction. The failure of a court to give a cautionary instruction is not error if no instruction was requested. *State v. Hess*, 86 Wn.2d 51, 52, 541 P.2d 1222 (1975). Myers never requested a limiting instruction. And, absent a request for a limiting instruction, evidence admitted as relevant for one purpose is deemed relevant for others. *Lockwood v. AC&S, Inc.*, 109 Wn.2d 235, 255, 744 P.2d 605 (1987).

We hold the admission into evidence of videotaped scenes of children other than N.M. and testimony regarding the videotaped scenes of other children was not error because Myers withdrew any objection to its admission or never objected at all. He did not correctly preserve this issue for appeal. We also hold the failure to give a limiting instruction regarding such evidence was not error because no such instruction was requested.

---

[2]The one objection defense counsel made to testimony regarding videotapes of children other than N.M., which Defendant now asserts was admitted in error, was an objection during cross-examination of Myers. No basis was given for this objection. It appears the objection was made to the form of the question presented by the prosecutor.

Finally, Myers argues his guilty verdict is not supported by sufficient evidence because there was no evidence admitted on which the jury could base a finding that Myers videotaped N.M. for the purpose of sexual stimulation. Myers asserts the State based its case on an inference of sexual stimulation to prove this element of the crime. He argues this inference could have been formed only from the videotapes of children other than N.M. which, he contends, were erroneously admitted. Myers does not challenge the State's evidence on the other elements of the crime.

When claiming insufficiency of the evidence, the defendant admits the truth of the State's evidence and all inferences that can reasonably be drawn therefrom. The appellate court must view the evidence in a light most favorable to the State and determine whether a rational trier of fact could have found the essential elements of the charge proved beyond a reasonable doubt. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992).

Whether the Defendant photographed his daughter for the purpose of sexual stimulation was the only contested issue at trial. The State presented as evidence a videotape that consisted of scenes of N.M. — approximately 10 minutes of zoom shots of a seven-year-old's pubic area — and the edited version of Myers' videotape of a family gathering — zoom shots of the clothed buttock and pubic areas of several children, some shots of which were repeated several times. These two different scenes appeared on the same videotape and were taken by Myers on the same day. The State also presented as evidence the unedited beginning of the N.M. scene, where she can be heard and watched, saying, "Daddy, don't."

Myers presented testimony claiming he did not photograph N.M. for the purpose of sexual stimulation but rather he photographed her pubic area to anger his girl friend and hopefully cause his girl friend to break up with him. Myers claimed he videotaped the children at the picnic for the same reason. However, the evidence also

showed that Myers edited the tapes, he never showed them to his girl friend, and he never erased them.

▮ Based on the evidence at trial, a reasonable juror could have concluded beyond a reasonable doubt that Myers photographed his daughter for the purpose of sexual stimulation. Credibility determinations are within the sole province of the jury and are not subject to review. *State v. Camarillo*, 115 Wn.2d 60, 71, 794 P.2d 850 (1990). The jury did not believe Myers.

Myers argues the jury should not have been allowed to infer his purpose was sexual stimulation. He states such an inference has been upheld in a case where only touching occurred. In *State v. Ramirez*, the Court of Appeals held when an unrelated adult male, with no caretaking function, is proven to have touched private areas of a child's body, the jury may infer the touching occurred for the purpose of sexual gratification. *State v. Ramirez*, 46 Wn. App. 223, 226, 730 P.2d 98 (1986).

▮ ▮ Circumstantial evidence provides as reliable a basis for findings as direct evidence. A jury may infer criminal intent from a defendant's conduct where it is plainly indicated as a matter of logical probability. *State v. Bright*, 129 Wn.2d 257, 270, 916 P.2d 922 (1996). Here, the jury could have inferred the requisite criminal intent from Myers' conduct. The jury was allowed to infer the intent element from all admissible evidence. The jury inferred that Myers videotaped N.M. for the purpose of sexual stimulation; therefore, the guilty verdict is supported by sufficient evidence.

## CONCLUSION

We hold RCW 9.68A.011(3)(e) is not overbroad. The trial court did not err in admitting evidence of videotapes of children other than N.M. The verdict is supported by sufficient evidence. The Court of Appeals is affirmed.

DURHAM, C.J., and DOLLIVER, SMITH, GUY, MADSEN, AL-
EXANDER, TALMADGE, and SANDERS, JJ., concur.