9 P.3d 253 (2000)
STATE of Washington, Respondent,
v.
D.H., B.D. 04-08-83, Appellant.
No. 44582-1-I.
Court of Appeals of Washington, Division 1.
September 18, 2000.
*254 James Robert Dixon, Kathryn Allison Russell, Seattle, for Appellant.
Catherine Marie Myers, King Co Prosecutor's Ofc, Seattle, for Respondent.
BECKER, A.C.J.
The juvenile court found D.H. guilty of one count of sexual exploitation of a minor after he videotaped a female high school classmate while she exposed her breasts to him. On appeal, D.H. has failed to sustain his burden of demonstrating that the statutes defining sexual exploitation of a minor are unconstitutionally vague and overbroad, either facially or as applied in this case. We also reject D.H.'s contention that the juvenile court lacked authority to impose a no-contact order as a condition of community supervision. Accordingly, we affirm the adjudication of guilt and order of disposition.

Facts
The relevant facts are undisputed. In June 1998, 15-year-old D.H. brought a video camera to his high school and videotaped three female classmates while they exposed their breasts and buttocks. One of the classmates, 15-year-old K.S., who was approximately four months older than D.H., reluctantly agreed to expose her breasts for the camera only after D.H. followed her around and repeatedly asked her. D.H. then showed the video recording to several classmates.
D.H. was charged in juvenile court with three counts of sexual exploitation of a minor. See RCW 9.68A.040(1)(b). At the factfinding hearing, D.H. testified that the videotaping was part of a contest with a friend to see who could persuade the most female classmates "to flash on camera." He denied that the recording was for sexual stimulation and maintained that he would not be "turned on" by the naked breast of a 17-year-old female, although he acknowledged that he would be aroused by the naked breast of an 18-year-old female. D.H. also acknowledged a prior incident in which he had held a video camera under the skirt of another classmate.
The juvenile court found D.H. guilty of the charge involving K.S., but not guilty of the two remaining counts because the participants had exposed themselves without any encouragement or communication from D.H. The court imposed a standard-range disposition and waived the requirement that D.H. register as a sex offender.

Decision
On appeal, D.H. contends that his adjudication must be reversed because the statutory definition of "sexually explicit conduct" in RCW 9.68A.011(3)(e) is unconstitutionally *255 overbroad. A statute is presumed constitutional, and D.H. bears the heavy burden of proving unconstitutionality beyond a reasonable doubt. State v. Myles, 127 Wash.2d 807, 812, 903 P.2d 979 (1995).
A statute is overbroad if it sweeps within its prohibitions constitutionally protected free speech activities.
The First Amendment overbreadth doctrine may invalidate a law on its face only if the law is "substantially overbroad". In determining overbreadth, "a court's first task is to determine whether the enactment reaches a substantial amount of constitutionally protected conduct." Criminal statutes require particular scrutiny and may be facially invalid if they "make unlawful a substantial amount of constitutionally protected conduct[.]" ... This standard is very high and speech will be protected "`... unless shown likely to produce a clear and present danger of a serious substantive evil that rises far above public inconvenience, annoyance, or unrest.'"
(Citations omitted.) Seattle v. Huff, 111 Wash.2d 923, 925, 767 P.2d 572 (1989) (quoting Houston v. Hill, 482 U.S. 451, 461, 107 S.Ct. 2502, 96 L.Ed.2d 398 (1987)). The statutes defining sexual exploitation of a minor have withstood multiple overbreadth challenges, and our Supreme Court has observed that "the legitimate reach of [RCW 9.68A.011(3) ] in prohibiting conduct unprotected by the First Amendment far surpasses whatever impermissible application this statute may reach." State v. Myers, 133 Wash.2d 26, 34, 941 P.2d 1102 (1997); see also State v. Farmer, 116 Wash.2d 414, 805 P.2d 200 (1991); State v. Bohannon, 62 Wash.App. 462, 814 P.2d 694 (1991).
D.H. argues that the definition of "sexually explicit conduct" governing his conviction suffers from the same deficiency identified by the Ninth Circuit Court of Appeals in Free Speech Coalition v. Reno, 198 F.3d 1083 (9th Cir.1999). In Free Speech Coalition, the court reviewed the Child Pornography Prevention Act of 1996, codified as amended at 18 U.S.C. §§ 2251A-2252. The court held that to the extent the Act defined "child pornography" as a depiction that "appears to be" a minor engaging in sexually explicit conduct or "conveys the impression" that it contains a minor engaging in sexually explicit conduct, the statute was unconstitutionally vague and overbroad:
By criminalizing all visual depictions that "appear to be" or "convey the impression" of child pornography, even where no child is ever used or harmed in its production, Congress has outlawed the type of depictions explicitly protected by the Supreme Court's interpretation of the First Amendment. Because the 1996 Act attempts to criminalize disavowed impulses of the mind, manifested in illicit creative acts, we determine that censorship through the enactment of criminal laws intended to control an evil idea cannot satisfy the constitutional requirements of the First Amendment.... In short, we find the articulated compelling state interest cannot justify the criminal proscription when no actual children are involved in the illicit images either by production or depiction.
Free Speech Coalition, 198 F.3d at 1094-95. The court concluded that the balance of the Child Pornography Prevention Act was constitutional when the two phrases are stricken. Free Speech Coalition, 198 F.3d at 1086.
RCW 9.68A.040(1)(b), which was originally enacted in 1984, provides that a person is guilty of sexual exploitation of a minor if he or she "[a]ids, invites, employs, authorizes, or causes a minor to engage in sexually explicit conduct, knowing that such conduct will be photographed or part of a live performance[.]" Under the facts of this case, "sexually explicit conduct" is "actual or simulated":
(e) Exhibition of the genitals or unclothed pubic or rectal areas of any minor, or the unclothed breast of a female minor, for the purpose of sexual stimulation of the viewer[.]
(Italics ours.) RCW 9.68A.011(3)(e).
D.H. argues that this definition is overbroad because the adjectives "actual" and "simulated" modify not only "exhibition," but also all subsequent nouns, including the objects of all subsequent prepositional phrases. He reasons that the definition therefore encompasses *256 not only conduct by "actual" minors, but also the "exhibition of parts of a simulated minor." But any attempt to force RCW 9.68A.011(3)(e) into the Free Speech Coalition analytical scheme is defeated by a plain reading of the statute's clear language.
The phrase "actual or simulated" unambiguously modifies only the noun "exhibition." The two subsequent prepositional phrases "of any minor" and "of a female minor"can be construed as modifying only the specified areas of the body that may not be exhibited. The unambiguous meaning of "minor" in RCW 9.68A.011(3)(e) is underscored by both RCW 9.68A.040(1)(b), which defines the offense of sexual exploitation of a minor to require sexually explicit conduct that is performed by "a minor," and RCW 9.68A.011(4), which defines "minor" for purposes of RCW 9.68A as "any person under eighteen years of age."
In summary, the statutory provisions defining sexual exploitation of a minor do not criminalize sexually explicit conduct that is performed by a "simulated" minor. Consequently, the Ninth Circuit's analysis in Free Speech Coalition has no application to the circumstances of this case. D.H. has not identified any relevant authority to support his unpersuasive reading of RCW 9.68A.011(3)(e).
D.H. next contends that the statutes defining sexual exploitation of a minor are unconstitutionally vague and overbroad as applied. A statute is unconstitutionally vague if it forbids conduct in terms so vague that persons of common intelligence must guess at its meaning or if it provides inadequate standards to prevent arbitrary enforcement. Spokane v. Douglass, 115 Wash.2d 171, 179-80, 795 P.2d 693 (1990). In rejecting a vagueness challenge to the definition of "sexually explicit conduct" contained in RCW 9.68A.011(3)(e), this court has found that "any person of common understanding would know that causing photographs to be taken of a nude 16-year-old girl would fall within the proscription of RCW 9.68A.040(1)(b) and.011(3)(e)." State v. Bohannon, 62 Wash. App. 462, 468-69, 814 P.2d 694 (1991) (rejecting claim that phrase "for the purposes of sexual stimulation of the viewer" is unconstitutionally vague).
D.H. does not challenge any specific statutory language as impermissibly vague. Rather, he argues that the offense of sexual exploitation of a minor was never intended to encompass his conduct in this case.
D.H.'s arguments rest in part on the statement of legislative intent set forth in RCW 9.68A.001, which suggests that the statute is aimed at criminal conduct by adults, not by minors:
The legislature finds that the prevention of sexual exploitation and abuse of children constitutes a government objective of surpassing importance. The care of children is a sacred trust and should not be abused by those who seek commercial gain or personal gratification based on the exploitation of children.
D.H. maintains that his actions did not constitute sexual exploitation of a minor because there was no evidence of any abuse of trust or evidence that he took advantage of an impressionable child to create child pornography. He also suggests that the Legislature did not intend to criminalize his conduct because the alleged victims in this case were either older than he was or approximately the same age.
But RCW 9.68A.001 is a prefatory statement of legislative intent, not substantive law defining the offense. This court may not rely on a statement of intent found in a legislative preamble to a statute "to override the unambiguous elements section of a penal statute or to add an element not found there." State v. Alvarez, 74 Wash.App. 250, 258, 872 P.2d 1123 (1994) (statement of legislative intent to make unlawful "the repeated invasions" of a person's privacy did not override unambiguous statute criminalizing a single act of harassment), aff'd, 128 Wash.2d 1, 904 P.2d 754 (1995).
D.H.'s conduct in this case fell squarely within the unambiguous statutory definition of sexual exploitation of a minor. The Legislature is well aware of how to create different degrees of criminal liability on the basis of a specific age disparity between the offender and the victim, see, e.g., RCW 9A.44.073, .076 *257 and .079 (first, second and third degree child rape), and did not make such distinctions when defining sexual exploitation of a minor. There is no room for judicial interpretation in this case beyond the plain language of the statute. See State v. Alvarez, 128 Wash.2d 1, 11, 904 P.2d 754 (1995).
D.H. also argues that RCW 9.68A.040(1)(b) becomes subject to a vagueness challenge when "its language is stretched and twisted to fit facts not clearly within its scope." State v. Chester, 133 Wash.2d 15, 22, 940 P.2d 1374 (1997). But D.H. has taken the court's statement in Chester out of context.
In Chester, the defendant was charged with sexual exploitation of a minor under RCW 9.68A.040(1)(b) after he secretly videotaped his 14-year-old stepdaughter while she was dressing for school. Our Supreme Court construed each of the specified terms in this subsection to require "some affirmative act of assistance, interaction, influence or communication on the part of a defendant which initiates and results in a child's display of sexually explicit conduct." State v. Chester, 133 Wash.2d at 22, 940 P.2d 1374. Because the defendant did not communicate with his daughter or assist her in any way, the evidence was insufficient to establish that he aided, invited, employed, authorized, or caused the stepdaughter to engage in sexually explicit conduct. State v. Chester, 133 Wash.2d at 22-23, 940 P.2d 1374.
Thus, Chester involved a challenge to the sufficiency of the evidence. The court reviewed the facts and determined that they did not fall within the statutory definition of the offense. Indeed, the juvenile court in this case applied the Chester analysis to find D.H. not guilty on two of the counts. But D.H. has not challenged the sufficiency of the evidence to support the court's determination that he caused K.S. to expose her breasts and then videotaped her for the purpose of sexual stimulation. It is unnecessary to distort the clear language of RCW 9.68A.040(1)(b) and 9.68A.011(3) to encompass the circumstances of this case. D.H.'s suggestion that the juvenile court agreed with his analysis but felt constrained by "broad and unclear" statutory language is unfounded. The juvenile court expressly found that the statutes defining sexual exploitation of a minor were not vague on their face or as applied; and at the conclusion of the disposition hearing, the court characterized D.H.'s conduct as "clearly wrong and illegal."
Finally, D.H. contends that the juvenile court erred in requiring, as a condition of community supervision, that he have no contact with A.H., the alleged victim of one of the two counts on which he was acquitted. But State v. Clark, 91 Wash.App. 581, 586, 958 P.2d 1028 (1998), relied upon by D.H., is inapplicable, as it involved a specific statutory provision limiting the juvenile court's authority to suspend a disposition.
The juvenile court has considerable discretion to fashion an individualized rehabilitative disposition that includes a broad range of community supervision conditions. See State v. J.H., 96 Wash.App. 167, 180, 978 P.2d 1121, review denied, 139 Wash.2d 1014, 994 P.2d 849 (1999); former RCW 13.40.160; RCW 13.40.020. D.H. did not object to the prohibition at the disposition hearing or identify any practical difficulty with compliance. See State v. Armstrong, 91 Wash.App. 635, 638, 959 P.2d 1128 (1998) (although failure to object to legality of community placement conditions does not preclude appellate review, a defendant is well advised to raise any concerns in the trial court to ensure the most complete record for review).
A.H. testified that at her brother's urging, she voluntarily pulled down her pants and "mooned" D.H. while he videotaped her. Although these facts did not constitute sexual exploitation of a minor, D.H.'s conduct in videotaping A.H. was inappropriate and part of the same incident that involved K.S. Under the circumstances, the juvenile court could reasonably find that prohibiting further contact with A.H. would facilitate D.H.'s rehabilitation. We find no error or abuse of discretion.
Sexual exploitation of a minor, like second degree child molestation and residential burglary, is a class B felony with serious consequences. These consequences are arguably *258 excessive when applied to the youthful offender in this case, whose conduct lies on the periphery of concerns that the Legislature identified in its preamble to the statute, RCW 9.68A.001. The crux of D.H.'s appeal is a claim that society does not regard his conduct to be as harmful as other types of behavior that fall under the definition of sexual exploitation of a minor. But such policy arguments must be directed to the Legislature. This court cannot modify the unambiguous elements of an offense in the guise of statutory interpretation.
Affirmed.
COX, J., and APPELWICK, J., concur.