22 P.3d 1287 (2001)
106 Wash.App. 283
STATE of Washington, Respondent,
v.
Ronald D. STELLMAN, Appellant.
In re the Personal Restraint Petition of Ronald D. Stellman, Petitioner.
Nos. 24134-0-II, 26422-6-II.
Court of Appeals of Washington, Division 2.
May 18, 2001.
Thomas Edward Doyle, Robert Quillian, Hansville; Patricia Anne Pethick, Tacoma; Kathryn Allison Russell, Seattle, for Appellant.
John Tunheim, Thurston County Deputy Prosecuting Attorney, Olympia, for Respondent.
Ronald D. Stellman, Steilacoom, Pro se Petitioner.

OPINION PUBLISHED IN PART
BRIDGEWATER, J.
Ronald D. Stellman appeals his convictions of one count of attempted exploitation of a minor, nine counts of dealing in depictions of minors engaged in sexually explicit conduct, and one count of possession of depictions of minors engaged in sexually explicit conduct. We affirm all convictions and the sentence and hold that the statute defining sexually explicit activity is constitutional and does not criminalize sexually explicit conduct performed by a "simulated" minor. Stellman also filed a personal restraint petition (PRP), which we deny.
In late 1997, the Thurston County Sheriff's Office received a citizen's complaint regarding possible criminal conduct occurring via the Internet. Ronald Stellman became a suspect in the subsequent investigation. The *1288 investigation focused on setting up a fictitious Internet identity. In this capacity, Detective Cheryl Stines began an undercover investigation posing as a 14 year old male named "Keven." Using this identity, she sent an e-mail to Stellman. Stellman responded with an e-mail that read, "If you in Lacey and only 14 want to meet you bad." The message went on to suggest sexual activity by promising, "no rough stuff, real gentle and nice to you and show you true love." Clerk's Papers at 4.
Over the next several weeks, Stellman and Keven sent numerous e-mails to each other. Stellman often attached graphic files to his e-mails depicting persons engaged in sexual activity. Several of the attached graphic files were photographs of minors engaged in sexual activity. Each such photograph depicted a different pornographic image of minors engaged in sexually explicit conduct.
Through the e-mail messages, Stellman arranged a meeting with Keven on March 5, 1998. The trial court found that the "content of the e-mail messages by the defendant made it appear that he was motivated to meet with `Keven' and participate in as much activity of a sexual nature as he could get away with." Clerk's Papers at 4. In the e-mails, Stellman indicated on several occasions that he would like to photograph him and Keven having sexual contact.
Stellman stated in his e-mails that he would arrive at the Wonderwood Park driving a red Dodge Intrepid, wearing a certain jacket, and that he would bring $30. On March 5, 1998, the police stopped Stellman's red Dodge Intrepid at Wonderwood Park. The officers found a Polaroid camera, a video camera, condoms, lotions, and $30 in cash in the car. The officers also found a handwritten note with "Keven" written on it, along with a description of a 14 year old boy and directions to the park.
After the police detained Stellman, they executed a search warrant at Stellman's residence. In his bedroom, they seized a computer and later found that it contained thousands of graphic files of photographs depicting young people engaged in sexual activity. They also found several notebooks containing numerous photographs of minors engaged in sexual activity. Those photographs appeared to be printouts of the graphic image files found on the computer's hard drive.
After being advised of his rights, Stellman admitted that he had been communicating with a boy named Keven via e-mail. Stellman admitted sending Keven photographs attached to the e-mails and arranging to meet Keven at the park.
The State charged Stellman with one count of attempted exploitation of a minor, nine counts of dealing in depictions of minors engaged in sexually explicit conduct, one count of possession of depictions of minors engaged in sexually explicit conduct, and one count of attempted third degree rape of a child. Stellman waived a jury trial. The court heard expert testimony on the age of persons depicted in the photographs that formed the basis for the dealing and possession counts. And the trial court found that a person of common experience could easily identify the persons in the photographs as being under age eighteen. The trial judge found Stellman guilty on counts I through XI but acquitted him on count XII, attempted third degree rape of a child. The trial court imposed an exceptional consecutive sentence totaling 132 months.

I. Constitutionality of RCW 9.68A.011(3)
Stellman contends that his convictions must be reversed because the statutory definition of "sexually explicit conduct" in RCW 9.68A.011(3)(e) is unconstitutionally overbroad and vague. We presume a statute is constitutional and the party challenging the statute has the burden of proving its unconstitutionality. State v. Myers, 133 Wash.2d 26, 31, 941 P.2d 1102 (1997).
A statute is overbroad if it sweeps within its prohibitions constitutionally protected free speech activities. Myers, 133 Wash.2d at 31, 941 P.2d 1102.
The First Amendment overbreadth doctrine may invalidate a law on its face only if the law is "substantially overbroad." In determining overbreadth, "a court's first task is to determine whether the enactment reaches a substantial amount of constitutionally *1289 protected conduct." Criminal statutes require particular scrutiny and may be facially invalid if they "make unlawful a substantial amount of constitutionally protected conduct ... even if they have legitimate application." ... This standard is very high and speech will be protected "`... unless shown likely to produce a clear and present danger of a serious substantive evil that rises far above public inconvenience, annoyance, or unrest.'"
City of Seattle v. Huff, 111 Wash.2d 923, 925, 767 P.2d 572 (1989) (citations omitted).
The Washington statute defining sexually explicit conduct has withstood multiple overbreadth challenges, and our Supreme Court has observed that "the legitimate reach of [RCW 9.68A.011(3)] in prohibiting conduct unprotected by the First Amendment far surpasses whatever impermissible application this statute may reach." Myers, 133 Wash.2d at 34, 941 P.2d 1102; see also State v. Farmer, 116 Wash.2d 414, 805 P.2d 200 (1991); State v. Bohannon, 62 Wash.App. 462, 814 P.2d 694 (1991).
Stellman argues that the definition of "sexually explicit conduct" governing his conviction suffers from the same deficiency that the Ninth Circuit Court of Appeals identified in Free Speech Coalition v. Reno, 198 F.3d 1083 (9th Cir.1999). In Free Speech Coalition, the court reviewed the Child Pornography Prevention Act of 1996. The court held that to the extent the Act defined "child pornography" in 18 U.S.C. § 2256(8) as a depiction that "appears to be" or "conveys the impression" of a minor engaging in sexually explicit conduct, the statute was unconstitutionally vague and overbroad.
By criminalizing all visual depictions that "appear to be" or "convey the impression" of child pornography, even where no child is ever used or harmed in its production, Congress has outlawed the type of depictions explicitly protected by the Supreme Court's interpretation of the First Amendment. Because the 1996 Act attempts to criminalize disavowed impulses of the mind, manifested in illicit creative acts, we determine that censorship through the enactment of criminal laws intended to control an evil idea cannot satisfy the constitutional requirements of the First Amendment.
....
In short, we find the articulated compelling state interest cannot justify the criminal proscription when no actual children are involved in the illicit images either by production or depiction.
Free Speech Coalition, 198 F.3d at 1094-95. The court concluded that the balance of the Child Pornography Prevention Act was constitutional after striking the two contested phrases. Free Speech Coalition, 198 F.3d at 1086.
Here, the State charged Stellman with violating RCW 9.68A.040(1)(b), attempting to exploit a minor; RCW 9.68A.050, dealing in depictions of minors engaged in sexually explicit conduct; and RCW 9.68A.070, possessing depictions of minors engaged in sexually explicit conduct.[1] These statutes all include the phrase "sexually explicit conduct." For example, exploiting a minor requires aiding, inviting, employing, authorizing, or causing a minor to engage in sexually explicit conduct. RCW 9.68A.040(1)(b). And possessing and dealing in child pornography requires the depicted minors to be engaged in sexually explicit conduct. RCW 9.68A.050; RCW 9.68A.070.
*1290 RCW 9.68A.011(3)(e) provides in part the definition at issue:
(3) "Sexually explicit conduct" means actual or simulated:
(e) Exhibition of the genitals or unclothed pubic or rectal areas of any minor, or the unclothed breast of a female minor, for the purpose of sexual stimulation of the viewer[.]
Stellman argues that this definition is overbroad because the adjectives "actual" and "simulated" modify not only "exhibition," but also modify "minor" in the subsequent prepositional phrases. Division One recently addressed this specific argument in State v. D.H., 102 Wash.App. 620, 9 P.3d 253 (2000). In D.H., the defendant argued that the adjective "simulated" modified all the subsequent nouns, including the objects of all subsequent prepositional phrases in RCW 9.68A.011(3)(e). The defendant reasoned that the definition therefore encompasses not only conduct by "actual" minors, but also the "exhibition of parts of a simulated minor." The defendant concluded that, like Free Speech Coalition, the statute was unconstitutional. D.H., 102 Wash.App. at 625, 9 P.3d 253. But the Court of Appeals held "any attempt to force RCW 9.68A.011(3)(e) into the Free Speech Coalition analytical scheme is defeated by a plain reading of the statute's clear language." D.H., 102 Wash. App. at 625, 9 P.3d 253. The court further reasoned:
The phrase "actual or simulated" unambiguously modifies only the noun "exhibition." The two subsequent prepositional phrases"of any minor" and "of a female minor"can be construed as modifying only the specified areas of the body that may not be exhibited. The unambiguous meaning of "minor" in RCW 9.68A.011(3)(e) is underscored by both RCW 9.68A.040(1)(b), which defines the offense of sexual exploitation of a minor to require sexually explicit conduct that is performed by "a minor," and RCW 9.68A.01(4), which defines "minor" for purposes of RCW 9.68A as "any person under eighteen years of age."

In summary, the statutory provisions defining sexual exploitation of a minor do not criminalize sexually explicit conduct that is performed by a "simulated" minor. Consequently, the Ninth Circuit's analysis in Free Speech Coalition has no application to the circumstances of this case. D.H. has not identified any relevant authority to support his unpersuasive reading of RCW 9.68A.011(3)(e).
D.H., 102 Wash.App. at 625-26, 9 P.3d 253 (emphasis added).
We agree with the sound reasoning of our brethren in D.H. and hold that the statute is not unconstitutionally overbroad or vague. Stellman's additional argument, that he received ineffective assistance of counsel when his trial attorney did not object to the statute on these grounds, fails because the statute is constitutional and no prejudice resulted. See State v. McFarland, 127 Wash.2d 322, 899 P.2d 1251 (1995).
A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.
We concur: HOUGHTON, J., and ARMSTRONG, C.J.
NOTES
[1] The statutes that the State charged Stellman with violating provide:

(1) A person is guilty of sexual exploitation of a minor if the person:
(b) Aids, invites, employs, authorizes, or causes a minor to engage in sexually explicit conduct, knowing that such conduct will be photographed or part of a live performance[.]
RCW 9.68A.040(1)(b).
A person who:
(1) Knowingly develops, duplicates, publishes, prints, disseminates, exchanges, finances, attempts to finance, or sells any visual or printed matter that depicts a minor engaged in an act of sexually explicit conduct ... is guilty of a class C felony punishable under chapter 9A.20 RCW.
RCW 9.68A.050.
A person who knowingly possesses visual or printed matter depicting a minor engaged in sexually explicit conduct is guilty of a class C felony.
RCW 9.68A.070.