IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 79627-5-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| MICHAEL JOHN PAULSON, | ) | |
| | ) | |
| Appellant. | ) | |

PER CURIAM — Michael Paulson was convicted by a jury of one count of second degree assault following an incident in which he strangled his wife in front of his two minor children. As part of his judgment and sentence, the trial court imposed a ten-year no-contact order prohibiting Paulson from having contact with his children. Paulson appealed, contending that the no-contact order violated his fundamental right to parent and that counsel was ineffective for failing to argue that the no-contact order was excessive in scope and duration. The State concedes that the trial court did not explain on the record how the scope and duration of the no-contact order was reasonably necessary to prevent harm to the children or whether it considered less restrictive alternatives. See, e.g. State v. Warren, 165 Wn.2d 17, 32, 195 P.3d 940 (2008) (crime-related prohibitions affecting fundamental rights must be "narrowly drawn" and there must be "no reasonable alternative way to achieve the State's interest.").

Citations and pin cites are based on the Westlaw online version of the cited material.

We accept the State's concession. We remand to the trial court for further analysis and factual findings as to the scope and duration of the no-contact order. On remand, the trial court shall also strike the community custody supervision fee from the judgment and sentence.

In a pro se statement of additional grounds, Paulson asserts he was denied due process because his incarceration prevented him from accessing important evidence such as bank records that he wished to present at trial, and that a statement he wished to offer was excluded at his criminal trial but admitted during his dissolution trial. But these claims rely on evidence outside the record, which we do not consider in a direct appeal. State v. McFarland, 127 Wn.2d 322, 338, 899 P.2d 1251 (1995). Paulson next argues that his wife's testimony at trial was inconsistent and therefore not credible. But we do not review a jury's credibility determinations. State v. Myers, 133 Wn.2d 26, 38, 941 P.2d 1102 (1997). Finally, Paulson contends that his attorney was ineffective for failing to retain experts in the areas of strangulation and firearms. But to prevail on an ineffective assistance claim, a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness based on consideration of all the circumstances and (2) the deficient performance prejudiced the trial. Strickland v. Washington, 466 U.S. 668, 687,104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Paulson's conclusory assertions do not establish either deficient performance or prejudice. See RAP 10.10(c) (while citations to the record are not required for review, "the appellate court is not obligated to search

the record in support of claims made in a defendant's statement of additional grounds for review.").

Reversed and remanded for proceedings consistent with this opinion.

WE CONCUR:

Andrus, A.C.J.