IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON,

                Respondent,

        v.

FRANKLIN JUNIOR HEISS,

                Appellant.

No. 83459-2-I

DIVISION ONE

UNPUBLISHED OPINION

DíAZ, J. — Franklin Heiss appeals his conviction for possession of a stolen vehicle. He argues the evidence was insufficient to support the verdict. We disagree and affirm.

## I. FACTS

In September 2017, Glenda and Paul Sanders hired Heiss to perform work on a home they intended to sell outside of Portland, Oregon. Glenda picked Heiss up from Snohomish, Washington and drove him to Oregon because he did not have a car at that moment. They allowed Heiss to live at the house while he worked on it and to use Glenda's small, red pickup truck for the sole purpose of getting supplies and food for the house.

Glenda and Paul terminated Heiss's employment at the beginning of March 2018, but granted his request to stay at the property for a couple weeks because Heiss said he "had no place to go at that point." In early April 2018, they drove to the house and saw Heiss leave without talking to them. When Glenda later texted him, Heiss said he was in

Salem because some friend needed him and "the pickup was in an undisclosed garage in Portland." Glenda told him that she wanted him to return her truck, that he did not have authorization to leave with her truck, and she would report it as stolen if he did not return it.

Heiss said he would return the truck once Glenda paid him $960 for back pay. Although she did not believe any back pay was owed, Glenda agreed to pay Heiss if he returned her truck. Heiss told Glenda to send the money to someone "back east" or she "would never find the truck again." Uncomfortable with this request, she arranged an exchange at the house.

Initially, Heiss expressed concern about being able to return to Washington after returning the truck and wanted Glenda to drive him to Snohomish. Glenda countered that she and Paul would drive him to the bus station or airport, but Heiss said "he was too uncomfortable doing either of those." Ultimately, they agreed to meet at the property on April 6, 2018. Glenda again warned Heiss she would report the truck stolen if he did not return it.

On April 6, Glenda appeared at the property but Heiss was not there, nor was the truck. She texted Heiss asking where he was and threatened to report him to the police if he did not appear. Heiss responded that he had an emergency to help a friend in Snohomish and that she would have to get the truck herself. She asked where the truck was but Heiss refused to say and said she could meet him with the money, alone, at an unspecified Safeway parking lot in Snohomish. Glenda reported the truck as stolen that same day. Heiss never returned the truck to her.

On June 11, 2018, Heiss went to the Snohomish Police Department to request assistance in opening a truck with the keys in the ignition. Snohomish County Sheriff Deputy Brian Fenske responded and went with Heiss to a "maroon or burgundy" Ford Ranger pickup truck with Oregon license plates parked at the Snohomish Library. Fenske could not unlock the vehicle and suggested Heiss contact an impound company to try to help him unlock the vehicle. Heiss went inside the library. Meanwhile, Fenske ran the license plate of the Ford truck on the sheriff's car computer and found that the vehicle had been entered as stolen. Fenske then photographed the Ford truck and requested a tow truck for it. Afterward, Fenske spoke to Heiss when he exited the library but did not arrest Heiss at the scene.

Later that day, Fenske spoke with the registered owner of the car, Glenda, who had reported the truck stolen. This specific portion of Fenske's testimony was the subject of a limiting instruction, explained below. In any event, Fenske further testified that a subsequent search of the Ford truck revealed several pieces of identification belonging to Heiss, including his driver's license.

The State charged Heiss with one count of possession of a stolen vehicle. At trial, Paul, Glenda, and Fenske testified consistent with the above-described facts. However, the trial court instructed the jury that it could consider Fenske's testimony that the vehicle was reported stolen only for the limited "purpose of explaining the reasons for the law enforcement investigation." Sharon Burlison, executive director of the Snohomish Senior Center, also testified about her facility's surveillance video camera recordings showing Heiss parking the Ford truck in the library parking lot. Heiss did not testify.

The jury found Heiss guilty as charged. He appeals.

## II.  ANALYSIS

Heiss contends insufficient evidence supports his conviction and specifically argues the State failed to prove the truck he possessed on June 11 was Glenda's truck. We disagree.

### A.    Standard of Review

In determining the sufficiency of the evidence, our standard of review is "whether, after viewing the evidence in a light most favorable to the State, any rational trier of fact could have found the essential elements of the charged crime beyond a reasonable doubt."  State v. Rempel, 114 Wn.2d 77, 82, 785 P.2d 1134 (1990).  A challenge to the sufficiency of the evidence admits the truth of the State's evidence.  State v. Witherspoon, 180 Wn.2d 875, 883, 329 P.3d 888 (2014).  "[A]ll reasonable inferences from the evidence must be drawn in favor of the State and interpreted most strongly against the defendant."  State v. Salinas, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992).

### B.    Sufficiency of the Evidence

Due process requires that the State prove every element of the charged offense beyond a reasonable doubt.  State v. Johnson, 188 Wn.2d 742, 750, 399 P.3d 507 (2017). "A person is guilty of possession of a stolen vehicle if he or she possess [possesses] a stolen motor vehicle."  RCW 9A.56.068(1).  Possessing stolen property means to possess property "knowing that it has been stolen."  RCW 9A.56.140(1).  Thus, to convict him of this charge, the State was required to prove that (1) on or about June 11, 2018, Heiss possessed a vehicle knowing it had been stolen, (2) he withheld the vehicle to the use of someone other than the true owner, and (3) he committed any of these acts in Washington.

There is no evidence to show Heiss owned his own vehicle or possessed a vehicle which could have created a reasonable doubt about the identity of the vehicle in question. On the contrary, the testimony was uncontroverted that Glenda lent him a small red pickup truck, Heiss did not return that truck, and she told Heiss that she would report the truck stolen if he did not return it, which she did when he failed to do so. Fenske testified that Heiss directed him to a red pickup truck parked at the Snohomish library with keys and his possessions in it, which had Oregon license plates identifying it as Glenda's truck. None of this testimony was subject to any evidentiary limitation.

Although there was no specific testimony that the red pickup truck Glenda loaned Heiss and the red Ford truck to which he directed Fenske and which he possessed in June 2018 were the same, the jury did not need such testimony to make that inference and find Heiss guilty. Circumstantial evidence is as reliable as direct evidence, State v. Myers, 133 Wn.2d 26, 38, 941 P.2d 1102 (1997), and the trier of fact determines the persuasiveness of the evidence. State v. Andy, 182 Wn.2d 294, 303, 340 P.3d 840 (2014). It is a reasonable inference to connect the essential facts above and conclude that the truck Glenda loaned him and the truck near the library were the same. It is, in turn, reasonable to conclude that Heiss possessed Glenda's truck, which he was advised he did not have Glenda's permission to possess and still withheld, on or about June 11, 2018.

Viewing the evidence in the light most favorable to the State, we conclude sufficient evidence supports Heiss's conviction. Therefore, we affirm.

Díaz, J.

- 5 -

WE CONCUR:

_Chung, J._          _Brennan, J_