# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 47138-8-II |
| Respondent, | |
| v. | |
| PATRICK ARNOLD LEE FICK, | UNPUBLISHED OPINION |
| Appellant. | |

JOHANSON, P.J. — Patrick Arnold Lee Fick appeals his bench trial conviction for possession of a stolen motor vehicle. He argues that (1) the trial court violated his right to a timely trial under CrR 3.3 and (2) there was insufficient evidence to support the possession of a stolen motor vehicle conviction.[1]  In a supplemental brief, Fick also challenges the trial court's written findings of fact and conclusions of law following the bench trial, which were filed after the original appellate briefing was complete. He argues that portions of the trial court's findings were tailored to respond to his sufficiency argument and that the evidence does not support some of the findings. We hold that (1) Fick waived his time for trial argument, (2) there is no evidence the trial court's

---

[1] Fick originally argued that the trial court failed to enter written findings of fact and conclusions of law as required under CrR 6.1(d). But the trial court filed the findings of fact and conclusions of law on October 1, 2015. Because the record on appeal now contains the findings of fact and conclusions of law, this issue is moot.

written findings of fact and conclusions of law were tailored to address Fick's appellate arguments, and (3) the evidence was sufficient to support the trial court's findings and those findings support the guilty finding. Accordingly, we affirm.

FACTS

I. BACKGROUND

On September 26, 2014, Skamania County Deputy Sheriff Jeremy Schultz approached a black Honda; the Honda sped away when Deputy Schultz approached it.[2] This incident took place near Fick's residence.

Later that day, Deputy Schultz received a report of a suspicious vehicle. When he investigated the report, Deputy Schultz saw the same black Honda he had tried to contact earlier that day; it was about a mile and a half away from where he had previously seen the car. The car was not occupied. Deputy Schultz discovered that the license plates on the Honda did not belong to that car and then determined that the Honda was a stolen vehicle.

Deputy Schultz contacted the vehicle's owner and when the owner arrived to claim the car, they found several items in the vehicle that did not belong to the owner. Among those items were (1) a fishing license with Fick's name on it in the driver's side door pocket,[3] (2) a variety of fishing gear, (3) "several clothing items that would appear to belong to a small girl" (Report of Proceedings (RP) (Jan. 12, 2015) at 13), (4) adult clothing that was "consistent with a male

---

[2] Deputy Schultz later testified that he attempted to stop the Honda because the license plate on the car was expired.

[3] Deputy Schultz later testified that the height and weight on the license was not consistent with Fick's height and weight.

individual" and appeared to be "extra large" or "for a larger individual"[4] (RP (Jan. 12, 2015) at 19-20), and (5) a duffle bag containing some legal paperwork with Fick's name on it, which was found in the car's trunk.

Deputy Schultz subsequently served a search warrant on Fick at his residence, which was located "right around the corner from where [the deputy] initially saw" the Honda. RP (Jan. 12, 2015) at 20. While serving the search warrant, Deputy Shultz met Fick's daughter, whom he described as a "small, three year old little girl." RP (Jan. 12, 2015) at 21.

While at Fick's residence, the deputy found a car's spoiler under a tarp. The Honda's owner later verified that the spoiler was from the stolen car.

## II. PROCEDURE

### A. ARRAIGNMENT, CONTINUANCE, AND SETTING TRIAL DATE

On October 3, 2014, the State charged Fick with unlawful possession of a controlled substance (methamphetamine) and possession of a stolen motor vehicle under cause no. 14-1-00077-2. On October 16, the trial court arraigned Fick on these charges and on a second set of charges under a separate cause number, 14-1-00060-8 (unlawful possession of methamphetamine, unlawful possession of oxycodone, possession of explosives without a license, and use of drug paraphernalia), stemming from a 2013 incident.[5] Defense counsel represented Fick on both cases.

---

[4] Deputy Schultz later testified that this clothing "would match any large statured male individual," but the trial court sustained Fick's objection to this testimony as lacking foundation and being speculative. RP (Jan. 12, 2015) at 12.

[5] Fick has also appealed his convictions under cause no. 14-1-00060-8; that case is *State v. Fick*, No. 47135-3-II. Throughout the briefing, both Fick and the State cite extensively to record that is part of No. 47135-3-II. By an order dated March 23, 2016, we have incorporated that record into this appeal.

Fick entered not guilty pleas to each set of charges. The trial court originally set both cases for trial on December 8. It appears that Fick remained in custody.

During a suppression hearing related to the cause no. 14-1-00060-8 charges, the parties discussed whether Fick wanted to join the two cases; neither party moved to join the cases. The trial court stated that since both cases were on the same 60-day time line, it would "find cause to continue" one of the cases "so there won't be a speedy trial issue." RP (No. 47135-3-II, Nov. 24, 2014) at 8. It then asked defense counsel if he had a preference as to which would be tried first. Defense suggested that the court hear cause no. 14-1-00060-8 first because the crimes had occurred in 2013. The trial court agreed.

At a December 4 status hearing, the trial court stated that it was dismissing the drug charge in cause no. 14-1-00077-2 because the State had not timely obtained the lab reports related to that charge. The State later filed an amended information that included only the possession of a stolen motor vehicle charge.

On December 8, before the trial began on the first case, the trial court announced that it found that the second case, cause no. 14-1-00077-2, needed to be continued for cause because the same defense counsel was representing Fick in both cases. Defense counsel objected to a continuance and asserted that he was prepared for both cases and was ready to proceed on both. When the trial court inquired as to how they could proceed with both cases, the State commented that the courtroom was large enough to "seat two juries full of 26 jurors." RP (No. 47138-8-II, Dec. 8, 2014) at 2. Defense counsel did not appear to respond to the court's question. Without any additional discussion about the continuance, the trial court stated that it would set the trial on

cause no. 14-1-00077-2 for January 12, 2015. Neither party objected to the date set. The trial on

cause no. 14-1-00060-8 then proceeded.

On December 11 or 12, 2014,[6] the trial court issued a written notice advising the parties

that the new trial date for the cause no. 14-1-00077-2 case was January 12, 2015. The written

notice specifically advised Fick that he would have to object to the new trial date on time-for-trial

grounds within 10 days of receipt of the notice and move for a new trial date within his time-for-

trial limits or waive his right to object to the new trial date. There is nothing in the record showing

that Fick objected, orally or in writing, following this notice or that he moved for a new trial date

within the time-for-trial limits.

## B. TRIAL

Fick waived his right to a jury trial on the second set of charges. The bench trial was held

January 12, 2015. The State presented testimony from Deputy Shultz and the car's owner. Their

testimony was consistent with the facts above. Fick did not present any witnesses.

After hearing this evidence and argument, the trial court made an extensive oral ruling,

which we describe in more detail below. The trial court found Fick guilty of possession of a stolen

vehicle. But it did not immediately file any written findings of fact and conclusions of law.

## C. APPEAL AND WRITTEN FINDINGS OF FACT AND CONCLUSIONS OF LAW

Fick appealed his conviction. In his opening brief, he argued that (1) the trial court had

failed to file written findings of fact and conclusions of law following the bench trial, (2) his time-

for-trial rights under CrR 3.3 were violated, and (3) the evidence was insufficient to support his

---

[6] The court's notice is dated December 12, 2014, but the superior court's docket stamp states that the notice was filed on December 11.

conviction because the State did not prove that he possessed the vehicle or that he knew that the vehicle was stolen.

On October 1, 2015, a week after the State filed its responsive brief, the trial court entered its written findings of fact and conclusions of law. We describe these findings and conclusions of law in more detail below. We ordered the parties to supplement the record with the findings of fact and conclusions of law and to provide supplemental briefing addressing those findings.

ANALYSIS

I. TIME-FOR-TRIAL ISSUE WAIVED

Fick first argues that his time-for-trial rights were violated because the trial court continued the trial to January 12, 2015, without considering defense counsel's assertion that he could try both cases the same day, considering whether the two cases could be joined, or explaining why the case could not be reset within the time-for-trial time. Fick has waived this argument.

CrR 3.3 requires that a criminal defendant who is in custody receive a trial within 60 days of his first appearance unless the defendant waives that time for trial, the trial court otherwise resets the time for trial, or the trial court excludes a period of time from the time-for-trial calculation. CrR 3.3(b), (c), (e), (f). If the State fails to try the defendant within the time period required by CrR 3.3, it must dismiss the charges with prejudice. CrR 3.3(h).

But CrR 3.3(d)(3) requires the defendant to take specific steps to preserve a claim that his trial occurred in an untimely manner. Specifically, "[a] party who objects to the date set upon the ground that it is not within the time limits prescribed by [CrR 3.3] must, within 10 days after the notice is mailed or otherwise given, move that the court set a trial within those time limits." CrR 3.3(d)(3). A party who fails, for any reason, to make such a motion shall lose the right to object

that a trial commenced on such a date is not within the time limits prescribed by this rule. CrR 3.3(d)(3). The motion for a trial within the period set by CrR 3.3 must be made in writing. *State v. Chavez-Romero*, 170 Wn. App. 568, 581, 285 P.3d 195 (2012).

On December 8, although Fick objected to a continuance of the trial, he did not object to the trial date of January 12, 2015. And the record here contains no written or oral objection in response to the trial court's December 11 or 12 written notice setting the January 12, 2015 trial date or any motion requesting a trial date in accordance with CrR 3.3. Thus, Fick failed to preserve his time-for-trial challenge and CrR 3.3(d)(3) requires that we refrain from addressing the merits of his claim.

## II. NO EVIDENCE OF TAILORED FINDINGS

Fick next argues that portions of the written findings of fact and conclusions of law entered after the parties had filed their briefs in this case were tailored to rebut his sufficiency argument in his opening appellate brief. We disagree.

Generally, the failure to enter written findings and conclusions is an error that may be corrected after an appeal is filed. *State v. Pruitt*, 145 Wn. App. 784, 794, 187 P.3d 326 (2008). But reversal is warranted if the appellant can show actual prejudice from belated entry of findings. *Pruitt*, 145 Wn. App. at 794. "The [appellant] may show prejudice by establishing that the belated findings were tailored to meet the issues raised in the appellant's opening brief." *Pruitt*, 145 Wn. App. at 794.

Fick quotes the following portion of the written findings and asserts that the emphasized portions of the written findings were tailored to address the arguments in his opening brief:

> "The more salient and important items were, ***a fishing license with the name of the defendant*** on it, fishing gear, some small girl's clothing, some large clothing, which

the deputy believed belonged to a male, and some Wasco County, Oregon court paperwork located in the duffle with the defendant's name on it. The fishing license was located in the car door and court paperwork was found separately in the duffle. The small girls['] clothing *was suited to the size of the defendant's daughter*, whom the Deputy met later in his investigation. The large sized clothing found in the vehicle *was consistent with clothes that would fit the defendant*. All of these items discovered were found *spread throughout the car as an owner of a car would do or a possessor of a car would do. The items in the case were spread out as if somebody was living in the car or driving it frequently*."

Suppl. Br. of Appellant at 3-4 (alterations in original).

Comparing these written findings to the trial court's oral ruling does not suggest these findings were tailored. In fact, the written findings are almost identical to the trial court's oral ruling:

More salient and important items *were a fishing license with the name of the defendant on the fishing license* and that's an exhibit and fishing gear. There were some small girl clothing and there was some large clothing what the officer believed was for a male. There was also Wasco County paperwork in a duffle with the defendant's name on it, dating from last May. Now the interesting point about all these items is how they fit together into this story. First of all, there's a fishing license and there was fishing gear. The fishing license was found in the door of the car and the Wasco County paperwork was found separately in a duffle. *The small clothing for a girl would, according to the officer, have suited the size of the defendant's daughter whom he met later. The large clothing, would the officer assumed and I believe he has a right to make this kind of inference, it would have fit the defendant.* So, in other words, this was not clothing that the officer testified would not fit the defendant, in fact it would fit the defendant. It doesn't mean it was his. Just that it's part of the story. Now, the interesting thing about all these items and what the Court finds important is that *these items were spread about in the car. Like an owner of a car would do or a possessor of a car would do, they're not all together.* So, if somebody puts stuff in your car they might put it in a black plastic bag and throw it in the back, all of it together. They might dump it all of it together somewhere. *This was spread out as if someone was living in the car or driving it frequently* and the way we do when we are in a car all the time, the fishing license is in one place, the paperwork's in another, some clothing's in another and there's fishing gear all over the place apparently and quite of bit of it which comports with a valid fishing license.

8

RP (Jan. 12, 2015) at 61-62 (emphasis added). Therefore, Fick has failed to show that the findings were tailored to address his assignments of error.

### III. SUFFICIENCY

Finally, Fick argues that these same portions of the trial court's written findings were not supported by substantial evidence and that without these findings the trial court's guilty finding is not supported by the facts. We disagree.

### A LEGAL PRINCIPLES

In a criminal sufficiency claim, the defendant admits the truth of the State's evidence and all inferences that may reasonably be drawn from them. *State v. Stevenson*, 128 Wn. App. 179, 192, 114 P.3d 699 (2005). We review evidence in the light most favorable to the State. *Stevenson*, 128 Wn. App. at 192.

Following a bench trial, we review a trial court's decision to determine whether substantial evidence supports any challenged findings and whether the findings in turn support the conclusions of law. *Stevenson*, 128 Wn. App. at 193. Substantial evidence is evidence sufficient to persuade a fair-minded, rational person of the finding's truth. *State v. Solomon*, 114 Wn. App. 781, 789, 60 P.3d 1215 (2002). "Circumstantial evidence provides as reliable a basis for findings as direct evidence." *State v. Myers*, 133 Wn.2d 26, 38, 941 P.2d 1102 (1997). Unchallenged findings of fact are verities on appeal. *Solomon*, 114 Wn. App. at 789.

### B. CHALLENGED FINDINGS OF FACT

Fick argues that the trial court's finding that the child's clothing found in the stolen car "'was suited to the size of the defendant's daughter'" is not supported by the record. Suppl. Br. of Appellant at 4-5. Although Fick is correct that the deputy did not testify that the child's clothing

found in the car was the defendant's daughter's size, he did testify that the clothing "appear[ed] to belong to a small girl," and he described Fick's daughter as a "small, three year old little girl." RP (Jan. 12, 2015) at 12, 21. This testimony is sufficient to support the trial court's characterization of the clothing as "suited to the size of the defendant's daughter." Clerk's Papers at 124.

Fick further argues that the trial court's finding that the adult clothing found in the car "'was consistent with clothes that would fit the defendant'" is not supported by substantial evidence. Suppl. Br. of Appellant at 5. Deputy Schultz testified that the adult clothing was "consistent with a male individual" and appeared to be "extra large" or "for a larger individual." RP (Jan. 12, 2015) at 19-20. And the trial court saw Fick, who is 6 feet 4 inches tall and weighs 240 pounds, in court. The trial court could have reasonably concluded from the deputy's testimony and its own observations of Fick that the clothing was consistent with clothing that would fit Fick.

Fick next argues that the trial court's findings "that the clothing was 'spread throughout the car as an owner of a car would do or a possessor of a car would do' and that these items 'were spread out as if somebody was living in the car or driving it frequently" are not supported by substantial evidence. Suppl. Br. of Appellant at 5. But the trial court did not find that the *clothing* was spread throughout the car or that the *clothing* was spread out in a way that it would be if someone was living in the car or frequently driving it—it found that *all* of the items found in the car (the fishing license, fishing gear, clothing, and the duffle bag containing the legal documents) were spread throughout the car and that this was consistent with how these items would have been dispersed if the owner of these items was spending time in the car and using it as his own. And the evidence that these items were in various places in the car, such as in the side pocket of the driver's door, throughout the interior of the car, and in the car's trunk, supports the finding that the

items were spread throughout the car. Furthermore, the trial court's conclusion that this was consistent with how such items would have been distributed by someone who had possession of the car was reasonable because it is unlikely that a mere passenger or someone who had stolen these items would have placed them throughout the car in this manner.

## C. CHALLENGED CONCLUSIONS

Finally, Fick challenges the trial court's conclusions that Fick possessed the car and that he did so knowing the car was stolen.[7] We hold that the findings support the trial court's legal conclusions.

Fick argues that the findings do not support the conclusion that he possessed the car.[8] He points to Deputy Schultz's inability to identify the person who was driving the car during his first encounter with the car, the lack of any other direct evidence that Fick was driving the car, and the fact there could be other explanations for why Fick's property was inside the car. But direct evidence is not required. *Myers*, 133 Wn.2d at 38 ("Circumstantial evidence provides as reliable a basis for findings as direct evidence."). And the car's proximity to Fick's residence, the fact it contained several items belonging to Fick, and Fick's possession of the car's spoiler support the trial court's finding that Fick, at least at some point, possessed the car.

Fick further argues that the findings do not support the trial court's conclusion that Fick knew the car was stolen. But again, direct evidence is not required. The trial court could have

---

[7] To prove that Fick possessed a stolen vehicle, the State had to prove, inter alia, that Fick knowingly possessed the vehicle and that he knew it was stolen. RCW 9A.56.068(1), .140(1).

[8] In his supplemental brief, Fick also asserts that without the findings he challenged, the evidence does not support the trial court's conclusion that he possessed the car. But, as discussed above, the challenged findings were supported by substantial evidence, so this argument has no merit.

reasonably concluded that Fick had knowledge that the vehicle was stolen based on the deputy's initial contact with the car, during which the car sped away in an apparent attempt to avoid contact with law enforcement, and Fick's possession of the removed spoiler, which could have been taken off in an attempt to make the car less recognizable. Thus, the findings of fact support the trial court's conclusion that Fick possessed the car and that he knew it was stolen.

Accordingly, we hold that (1) Fick waived his time-for-trial argument, (2) there is no evidence the trial court's written findings of fact and conclusions of law were tailored to address Fick's appellate arguments, and (3) the evidence was sufficient to support the trial court's findings and those findings support the trial court's conclusion that Fick was guilty of possession of a stolen motor vehicle. Accordingly, we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

JOHANSON, P.J.

We concur:

MELNICK, J.

SUTTON, J.